## SHEELY VS. BIGGS.

1808
DECEMBER.

APPEAL from *Frederick* County Court. It was an action of *Slander*, and the declaration stated, that the plaintiff, (now the appellee,) was a good, true, honest, and faithful citizen, and had always lived free and wholly unsuspected of and from all manner of perjury, &c. yet the defendant, (the appellant,) maliciously intending to injure the plaintiff in his good name, and to bring him into public scandal, ignominy and disgrace, and to subject him to the pains and penalties, by the laws and statutes of this state, made and provided against those who are guilty of false swearing, on, &c. spoke and published of and concerning the plaintiff these false, scandalous, and malicious words, viz. "He (meaning the plaintiff,) swore false, and swore to a lie," (meaning that the plaintiff had committed perjury, that he had taken a false oath before a magistrate.) The *second count* charged the defendant with uttering these words, to other citizens, of the plaintiff: "He (meaning the plaintiff,) had swore false, and would, if he did not take care, lose his ears for it," (meaning that the plaintiff committed perjury before a magistrate.) The general issue was pleaded, and the plaintiff obtained a general verdict for £22 17 6 current money. The defendant moved in arrest of judgment, and assigned the following reasons: 1. Because the words charged in the first count of the declaration are not actionable. 2. Because the words charged in the second count are not actionable. 3. Because the words charged in the different counts of the declaration, and alleged to have been spoken by the defendant, are not so laid and set forth in the said counts, as to entitle the plaintiff to maintain his action. 4. Because there is no *colloquium* set forth in the declaration, showing the words were spoken in reference to a judicial proceeding, or to what the words spoken referred. The county court overruled the motion, and rendered judgment on the verdict for the plaintiff. From that judgment this appeal was brought.

The cause was argued before CHASE, Ch. J. BUCHANAN, NICHOLSON, and GANTT, J.

*Taney* and *F. S. Key*, for the Appellant, cited *Holt vs. Scholefield*, 6 T. R. 691.

*Shaaff*, contra, cited 6 *Bac. Abr.* tit. *Slander*, (B. 3.) and *Gruneth vs. Derry*, 3 *Lev.* 166.

---

Sheely
vs
Biggs

In an action of *slander*, the words charged to have been spoken were, that "he the said J swore false, and swore to a lie"—*innuendo*, "meaning that the said J. had committed perjury; that the said J. had taken a false oath before a magistrate"—*Held* not to be actionable.

No words are actionable unless they impute a crime to the plaintiff which subjects him to punishment.

The office of the *innuendo* is to explain doubtful words, where there is matter sufficient in the declaration to maintain the action; but if the words in themselves are not actionable, their meaning cannot be extended by the *innuendo* to make them actionable.

If the words may be understood in a sense not criminal, there must be a *colloquium* in the introductory part, to show they were spoken in a criminal sense, or they are not actionable.

To make the word *forsworn*, slander, it must be introduced by a *colloquium*, setting forth some judicial proceeding, in which the party was sworn.

CHASE, Ch. J. delivered the opinion of the court. There are some principles well established in actions of slander, which govern the court in determining this case.

*First.* No words are actionable unless they impute a crime to the plaintiff, which subjects him to punishment. 3 *Blk. Com.* 123. *Holt vs. Scholefield,* 6 *T. R.* 691, 694.

*Secondly.* The office of the *innuendo* is to explain doubtful words, where there is matter sufficient in the declaration to maintain the action; and if the words in themselves are not actionable, their meaning cannot be extended by it to make them actionable. *Holt vs. Scholefield,* 6 *T. R.* 694.

*Thirdly.* If the words may be understood in a sense not criminal, there must be a *colloquium* in the introductory part, to show they were spoken in a criminal sense, or they are not actionable.

The word *forsworn,* although in one sense it may import perjury, yet it does not *necessarily imply it;* for a person may be forsworn without committing perjury; and no extrinsic aid can be derived from the *innuendo* to give the words a criminal meaning.

If the words before the *innuendo* do not import slander, no words produced by the *innuendo* will make the action maintainable. It is not the nature of an *innuendo* to beget an action. Forsworn, by itself, does not import slander; otherwise of the word *perjured.* *Core vs. Morton,* Yelv. 27. *Holt vs. Scholefield,* 6 *T. R.* 694.

To make the word *forsworn* slander, it must be introduced by a *colloquium,* setting forth some judicial proceeding in which he was sworn. *Core vs. Morton,* Yelv. 27.

The words in the declaration charged to have been spoken are, that "he, the said *Jacob,* swore *false,* and swore to a lie." The subsequent words, "meaning that the said *Jacob* had committed perjury, that the said *Jacob* had taken a false oath before a magistrate," are part of, and come under the *innuendo.*

The question is, whether these words are actionable? and it is admitted, if they are not, the judgment must be arrested, there being one defective count in the declaration —a general verdict and entire damages having been given.

The court are of opinion they are not; and that the judgment of the county court be reversed, and judgment on the verdict be arrested.

JUDGMENT REVERSED, &c.