Jackson, J.
The motion in arrest of is founded on the want of an averment that the conversation, in which the slander was uttered, was “ of and concerning the trial, mentioned by way of inducement in the declaration, and of and concerning the testimony which the plaintiff gave at the trial ; and the cases cited [*500] in the argument for the defendant * very fully maintain this point.(1) Where the words spoken are in themselves actionable, or do necessarily import a charge of some crime, there is no need of stating the manner or occasion of speaking them ; as if, *435 in the present case, the defendant had said that the plaintiff had perjured himself. But when the words are actionable only by their relation to some extrinsic fact with reference to which they are spoken, it is necessary to state the fact by way of inducement, and then to aver distinctly that the discourse was of and concerning that fact. If this latter averment is not made, the plaintiff may as well omit the inducement. The innuendo is wholly incompetent to this purpose.†
But the plaintiff contends, that the words are actionable in themselves, as necessarily importing a charge of perjury ; and that the declaration is therefore good, without reference to the matter stated in the inducement.
If the words had been, “ you was perjured at the trial,” &c., it is not doubted that they would maintain the action without any statement of the trial which was referred to. Then, if the words, “ you swore falsely at the trial,” have, in general use, the same meaning, and would necessarily be understood as importing a charge of perjury, it follows, that these words also are actionable of themselves.
It is not necessary that the defendant should have used technical language, and have stated his charges against the plaintiff with the accuracy that would be required in an indictment. If the words can be understood only as conveying a criminal charge, and would be so understood by those who should hear them, the Court cannot undertake to say that they are not actionable ; although the defendant may have misapprehended the nature of the crime, with which he has charged the plaintiff, or may have threatened him with a punishment,' which the law does not inflict for such an offence.(2)
As words gradually acquire a new meaning, or as new words come into general use, the court and jury cannot profess to be ignorant of such changes ; and thus there are, * perhaps, [*501] many words that would now be deemed actionable as importing a slanderous charge, which would not have been so considered in the time of Croke.(3) A reference to ancient cases, therefore,although useful to ascertain the law, will not serve to fix conclusively the construction of the words, nor the sense in which they were uttered by the defendant and understood by the hearers.
The distinction taken in the English books between the words forsworn and perjured must have been founded on this, that the word perjured implied that the false oath was taken in a judicial proceeding ; whereas, a man might be forsworn in an oath taken on some other occasion, when it could not amount to perjury. Accordingly, when other words are added, showing that the oath spoken of was taken in a *436 judicial court, the word forsworn, with this explanation, has been con sidered as importing a charge of perjury. As “ forsworn in the spiritual court ” has been held to import a charge of perjury ; because the judges will take notice that this is a judicial court.(4) So “for sworn before a justice of the peace.”(5) In neither of these cases is there any statement of a trial and an oath taken by the plaintiff, nor an averment that the words were spoken with reference to that particular trial ; because the words themselves sufficiently import that the oath was taken in a judicial proceeding.†
We think the same inference may be drawn from the words used by the defendant in the case at bar. No instance is recollected of a trial of any person in this State, at which a man may swear falsely, but such as are judicial trials, when false swearing would be perjury. If there be any such instances, they are so rare, that they would not readily present themselves to the minds of the hearers ; and no man, on hearing the words uttered by the defendant, would doubt that he meant to charge the plaintiff with perjury. The word, “forsworn,” if not further explained at the lime, might not necessarily convey that meaning ; but “ forsworn at the trial of A. B.” would [*502] convey no other * meaning to any man in the community ; and the Court is bound to understand the words according to their general use and acceptation.
Considering the words in this sense, the declaration would be good, without stating the trial by way of inducement, and without any reference to it in the innuendo. After a verdict, in which the jury must have found that the words contained a charge of perjury, we should not endeavour to shut our eyes to the obvious and popular meaning of the word ; especially as the only effect of such a course would probably be, to occasion a new action for the same cause, with some slight change in the declaration.
The motion is overruled, and the plaintiff must have judgment according to the verdict.‡

 1 Chitty on Pleading, 381; 2 do. 255, 263, in notis, 258, note O. — 8 East. 425 — 1 L. Raym. 256. — 1 Saund. 241, note, 4.— 6 D. & E. 691.

 Bloss vs. Tobey, 2 Pick. 330.

 Ward vs. Reynolds, Gilb. Cases in Law & Equity, 243. — Twaites vs. Shaw, ibid. 246.

 1 D. & E. 753.

 Shaw vs. Thompson, Cro. Eliz. 609.

 Gurneth vs. Derry, 3 Lev. 166.

 Hamilton vs. Dent, 1 Hayw. 116. — Pelton vs. Ward, 3 Caines' Rep. 73.

 Sed vide Hall vs. Weedon, 8 D. & 140. — Gibbs vs. Tucker, 2 Marsh, 220. — Vaughan vs. Havens, 8 Johns. 109. — Chapman vs. Smith, 13 Johns. 78. — Hawkes vs. Hawley, 8 East, 427. -—Sheely vs. Biggs, 2 H. & J. 363. — Browne vs. Dula, 2 Murph. 574.— Boling vs. Luther, 2 Tayl. 202. — Watson vs. Hampton, 2 Bibb, 319. — Martin vs. Melton, 4 Bibb, 99. — Hopkins vs. Bedle, 1 Caines' Rep. 347. — Cruikshanks vs Gray, 20 Johns. 344. — Stafford vs. Green, 1 Johns. 505. — Ward vs. Clark, 2 Johns. R. 10. — Holt vs. Scholefield 6 D. & E. 691.