Pece, J.
absent Judge CRAbb.
delivered'the opinion of the Court; The principal objection relied on by the defendant in error is, that there is no sufficient colloquium laid in the declaration. Where the words charged, are not in themselves actionable, and where it is necessary to point them to some specific object, to which they ought to relate, then a colloquium is necessary to apply the words, in order to give effect to their meaning and intended application; but it is not indispensable in such a case that the colloquium should precede the statement of the words spoken, although it is *553 certainly more consistent with the precedents so to form the averment. Suppose the words charged, not to be actionable in themselves, then the record presents a case where the cause of action is defectively stated. It is to be regretted that when matter could have been condensed in so small a compass (if legal precision had been regarded) that the statements here are so diffusively made as to render it difficult to collect what was intended. A slight transposition, however, of the words charged, without the addition of a single word, will give the meaning intelligibly. Thus, the plaintiff had been sworn to, and did give ■ testimony in a suit in open court; and the defendant, to cause it to be suspected that the plaintiff had been guilty of perjury, said concerning the plaintiff’s testimony [224] as aforesaid given in on oath, that the plaintiff had “ sworn to lies in open court, thereby meaning,” &c. This proves that as to the first set of words, it is but an imperfect statement of the cause of action, which is aided by the verdict.
The jury have, by their verdict, found the malice, the speaking of the words, their application, and that they were false. The case gains strength, on the plea of justification; had that plea been drawn out in form, no question could have been raised, after the finding of the jury. Copeland v. Gregory, Sup. Court Knoxville. For the present, we will not say that a plea of justification, put in thus briefly, should be taken as one in form; it is sufficient to say that the defendant has had the benefit of the defence of justification, and upon that defence has failed. This also shows that in all probability the merits of the case have been attained; and it would be going a great length to say, when the defendant has failed upon trial to urge home upon the plaintiff the crime of perjury, that he shall arrest the judgment, and subject the plaintiff to the costs of a tedious suit through all the courts below. It would require a strong case to induce us to do so. Reverse the judgment; and proceeding here to give such judgments as the Circuit Court should have given, let judgment be rendered on the finding of the jury, with costs, &c.
Judgment reversed. [1]

 OmeiNAL Note. — Authorities cited : 1 Haywood’s Rep. 116 ; 3 Caine’s Rep. 73; 12 Mass. Rep. 497 ; 13 John. Rep. 48 ; Cowper’s Rep. 275 ; 1 Chitty’s Plead. 381, 382; 2 Chitty’s Plead. 257.