Tompkins, J.,
delivered the opinion of the Court.
Rachel Hannon, by Esam Hannon, her next friend, (she being an infant under the age of twenty-one years,) brought her action in the Circuit Court of Boone county, against Robert Adams, for words spoken, and had judgment. To reverse this judgment, Adams by writ of error brings the cause into this Court. The declaration commences with an averment of the plaintiff’s good character and innocence, and then the plaintiff avers that the defendant to cause it to he suspected and believed that she was guilty of adultery, and to subject her to the pains and penalties of adultery, spoke the words in the declaration charged; on account of which speaking she avers she has been suspected, and believed to be guilty of the crime of adultery. There are three counts to the declaration; the words charged to be spoken in each are the same, but spoken in different manners ; they are, I (meaning Robert Adams,) stroked her, (meaning Rachel Hannon). There is no averment that the word used to convey the idea of carnal knowledge, was by the hearers or by those of theneiglihorhood where it was used, understood to convey that idea. After the jury was empanneled, and before the pleadings were opened, the defendant moved the Court to strike out three counts of the declaration: the Court refused to take up the motion before the pleadings were read to the jury: after they were read, the defendant renewed his motion and it was overruled. After the plaintiff’s testimony was closed, the defendant introduced a witness to prove the general character of the plaintiff for chastity, amongst a majority of her neighbors with whom he had conversed. This witness stated that he had never resided in the neighborhood, hut that he was frequently at the house of an uncle who resided as a near neighbor to the plaintiff before the commencement of this action, and had fre *161 qhently remained there several days at a time, and heard several of the neighbors who were there, express their opinion about the plaintiff’s character, some of a fa* vbrable and others of an unfavorable kind: these beihg all the facts the witness had stated, the defendant asked the witness what was the character of the plaintiff for chastity among a majority of her neighbors, with whom he had conversed on that subject. The Court on motion of the plaintiff refused to suffer the witness to an* swer the question. After verdict found for the plaintiff, the defendant moved the Court to set aside the verdict, and for a new trial.
First. Because the verdict was against law and evidence.-
Second. The.damages were excessive.
Third. Because the Court refused to admit the defendant’s testimony.
This motion being overruled, the defendant moved in arrest of judgment,
First. Because the declaration is wholly defective.
Second. The words alledged gave no cause of action: this motion, too, was over* ruled.
It is assigned for error,
First. That the Court erred in refusing to hear the motion to strike out when it was first made.
Second. The Court erred in refusing to strike out the counts when the motion was heard.
Third. The Court erred in rejecting the evidence of general character offered by the defendant.
Fourth. It erred in refusing a new trial.
Fifth. It erred in refusing to arrest the judgment.
The points to be decided are,
First. Was the declaration good ?
Second. Was the evidence rejected of such a character as ought to have gone to the jury ?
First. In this action the plaintiff sues as an infant by her next friend.
Adultery is the criminal conversation of a married person. If shé be indeed a married woman, her husband ought to have joined in the action; and if she be not married, then she could have been in no danger of the “ disgrace^ pains and penalties of adultery,” from the speaking of the words charged: for let them be ever so significant, they cannot carry the charge of adultery against a person incapable of committing the act. It ought to have appeared in the declaration, she was in a condition to commit adultery. We will however consider the language used to impute the act of'adultery to the plaintiff. The efficient word is “stroked,” Whatever obscure meaning this word may convey in particular sections of the country, or in particular companies, it is certain that as it -is generally understood by the well educated part of the community, it has no bad meaning. If then from the manner in which it has been used by the defendant or in the particular neighborhood or company where it is used, it has acquired a signification calculated to convey the charge which is attempted to he set out in the declaration, that fact should have been averred. In 2 Saund. 242, note first, it is said that if the words spoken be Welsh, French, or other foreign language, the plaintiff must aver that the hearers understood such language, unless indeed in respect to Welsh words the action is brought in any of the Courts of the great sessions in Wales, for it shall he intended the hearers understood the words: by analogy to that case we may suppose that if it were averred and can he proved *162 that the words here charged to he spoken were in the neighborhood where they were spoken, understood in a sense calculated to convey the idea of carnal knowledge, then it would not be necessary to aver that they were understood by the hearers.
We are of opinion then that for the two reasons above mentioned, there is no good cause of action set out in the declaration. It may here be added that in the opinion of this Court, the most convenient practice would be to hear motions to strike out, before the pleadings are opened to the jury; but that it is not error to refuse to hear such motions before reading them.
Second. We are of opinion the evidence was very properly rejected by the Circuit Court.
What is the character of the plaintiff for chastity among the majority of her neighbors with whom the witness had conversed, is, we think, a question not at all calculated to elicit an answer proper to prove the general character.
On the first point then we are of opinion that the judgment ought to be reversed. It is therefore reversed and the cause remanded, and the plaintiff will have leave to amend his declaration.