PALMER *vs.* HUNTER.

1. A declaration in slander, charging the plaintiff with swearing to a lie, as a witness in a proceeding before a justice of the peace, in which it is not stated that the justice had jurisdiction or power to administer the oath, or that the testimony was given upon a material matter, although had on demurrer, is good after verdict.

3. Where the issue joined is such as necessarily requires proof of facts defectively stated or omitted in the declaration, and without which proof it is not to be presumed either that the judge could direct the jury to give, or the jury would have given, the verdict, such defect, imperfection or omission, is cured by verdict.

3. A count in slander stating the actionable words to be that plaintiff "*swore to a lie*," with an averment that defendant meant thereby, and was so understood, to charge the plaintiff with the crime of perjury, *but without any colloquium*, is bad.

4. A transcript of proceedings had before a justice of the peace who is out of office, certified by the justice in possession of the docket, is evidence of such matters as are properly on the docket. But where the party against whom the transcript is offered objects to its admission on account of its containing irrelevant matter, he should point out the same, and ask the court to exclude the exceptionable matter. It will not do to object in general terms to the rendering of the transcript.—See act of February 1, 1839, concerning "Evidence," session acts of 1838, '39, p. 43.

APPEAL from Clinton Circuit Court.

WILLIAM M. CAMPBELL, *for Appellant.*

1. The introduction of the transcript of what is called the docket of justice Funkhowser, was illegal and improper, because it was not properly certified and authenticated, and because it contained much extraneous and irrelevant matter, that was calculated to mislead the jury. This was good cause for a new trial. — Rev. Stat. Mo., p. 347, sec. 32, p. 419, sec. 9; 7 J. J. Marshall's Rep., p. 415, 421, 423.

*Palmer* vs. *Hunter*.

2. There was no evidence given on the trial that the "Hunter" of whom Palmer spoke the slanderous words, respecting which the witnesses testified, was Joseph Hunter, the plaintiff in this suit, and the inuendos of the declaration are entirely unsupported, and for this reason a new trial should have been granted.

3. There was no evidence whatever given to sustain the third and fourth counts in the declaration, and as the verdict was general, a new trial should, for that reason, have been awarded.—11 Wend., 596.

4. The declaration of the plaintiff is materially defective. It does not allege that Funkhowser, the justice, had a right to administer the oath to Hunter, nor that he had jurisdiction of the cause which was on trial; nor does it state that the matters sworn to by Hunter were material to the matter on trial before the justice when Hunter testified before him, and the declaration is otherwise defective, and for that reason the judgment should have been arrested.— See 5 Mo. Rep., p. 21, 24, 25, p. 51, 53; Roscoe's Cr. Evidence, 673, 680; Selwyn's Nisi Prius, 427, 434, 435, note; 4 Mo. Rep., 46–48.

5. The third count of the declaration is materially deficient and insufficient, because it does not, in any manner, refer to any trial or judicial proceeding, nor connect the false swearing charged with any such trial or proceeding; and as a general verdict was rendered, the judgment should have been arrested for this reason.—6 Term Rep., 691; 5 Cow. Rep., 503; 1 Caines' Rep., 347; 3 Cow. Rep., 231; 4 Digest N. Y. Rep., 1032–1035, 1040, 1045; 11 Wend., 596; *Ibid.*, 38–40.

LEONARD, *for Appellee.*

1. The judicial proceeding before the examining justice was relevant to the issue, and the certified copy competent evidence of such proceeding.—Session acts of 1838 and '39, p. 43, title, "Evidence," sec. 14; Rev. Stat. of 1835, title, "Justices of the Peace," p. 347, sec. 31, 32; Bryan *vs.* Wear and Hickman, 4 Mo. Rep. 110.

2. The motion in arrest of judgment was properly overruled.

1st. The fourth count is admitted to be good, and where there are several counts in a declaration, and entire damages are given, the judgment will not be arrested, although some of the counts may be bad.—Rev. Stat. of 1835, p. 470, sec. 4 of 7th art. of the act relating to "Practice at Law."

2d. All the counts in this declaration are, in fact, good after verdict. The fourth count is admitted to be good. ·

· The third count contains an averment that the defendant, in uttering the words laid, intended, and was understood by his hearers, to impute to the plaintiff the commission of perjury, and this is sufficient to support the count, even against a demurrer.—Goodrich *vs.* Woolcott, 3 Cowen's Rep., 239; Woolnoth *vs.* Meadows, 5 East Rep., 463; Cornelius *vs.* Van Slyck, 21 Wend. Rep., 70; Peake *vs.* Oldham; 1 Cowper's Rep., 272.

The first count charges words that are actionable without the aid of the preliminary averment of a judicial proceeding and colloquism in relation thereto. Much more is the count good, when aided by such averment and colloquism.— Neven

*Palmer vs. Hunter.*

*vs.* Munn, 13 Johns. Rep., 48; Gillmore *vs.* Lowell, 8 Wend. Rep., 573; Roberts *vs.* Camden, 9 East. Rep. 96; Payton *vs.* Ward, 3 Caine's Rep., 73.

The second count charges the words to have been spoken of the plaintiff, in a conversation about the judicial proceeding and testimony of the plaintiff, alleged in the preliminary part of the first count, and is good after verdict, without an averment of the jurisdiction of the justice, or of his power to administer the oath, or of the materiality of the matter sworn.—Rev. Stat. of 1835, title, "Practice at Law," p. 468, sec. 7, clause 9; Pangburn *vs.* Ramsey, 11 Johns. Rep., 142; Neven *vs.* Munn, 13 Johns. Rep., 58; Chapman *vs.* Smith, 13 Johns. Rep., 80; Sherwood *vs.* Chace, 11 Wend. Rep., 38; Crookshank *vs.* Gray, 20 Johns. Rep., 344.

3. There are no sufficient grounds in the record for a new trial.

Admitting, for the present purpose, that when there are several counts in a declaration, some good and others bad, and a general verdict, the court will grant a new trial, if there be not sufficient evidence applicable to the good counts to uphold the verdict, yet here the first count is good without any preliminary averment of a judicial proceeding; and after verdict, both the first and second counts are certainly good, when aided by such averment, although defectively stated, and there is ample evidence in the record, applicable to each of these counts, to uphold a verdict found by a jury and approved by the Circuit Court.

NAPTON, *Judge, delivered the opinion of the Court.*

This was an action of slander commenced by Hunter against Palmer, in the Circuit Court of Clinton County, for words spoken. The declaration contained four counts. The first count, after reciting that there had been a prosecution pending in Clinton county, before one Abraham Funkhouser, a justice of the peace, against William Sally, for larceny, and that on such trial said plaintiff was examined as a witness on oath, and gave testimony in behalf of the defendant, proceeds to state a colloquium about this trial and concerning the evidence given by him on this trial, and avers, that in this conversation the defendant uttered of the plaintiff these false and scandalous words: "Hunter swore a *point* blank lie to clear William Sally of stealing honey."

The second count, after stating the colloquium as in the first count, charges the words spoken to be—"Joe Hunter swore a barefaced lie on Sally's case."

The third count contains no colloquium, and lays the actionable words to be, "Hunter swore a lie," with an averment, that the defendant meant thereby, and was understood by the by-standers, to charge the plaintiff with the crime of perjury.

The fourth count contains no averment about the trial before the justice, or the evidence thereon, and lays the words spoken to be, "He (the plaintiff) committed perjury."

Defendant pleaded not guilty, and the statute of limitation: upon these issues the parties went to trial, and a verdict was found for the plaintiff, and his damages assessed at nine hundred and forty-six dollars. Motions for a new trial and in arrest of judgment were made and overruled, and exceptions taken.

The bill of exceptions contains the testimony.

*N. Henderson* testified that he heard defendant say, that "William Sally had stolen his (defendant's) honey; and that he had prosecuted Sally; and that Hunter swore a lie to clear Sally."

*J. H. Henderson* stated, that he had heard defendant say, in reference to the trial of Sally before the justice, that "Hunter had sworn a barefaced lie, in behalf of William Sally, to clear him."

*Sebree*, a third witness for the plaintiff, heard defendant, between the 10th and 20th of September, 1840, say, that "Sally was sworn clear, and Hunter was a witness; that he had swopped farms with Hunter, and Sally had stolen his honey; that he had prosecuted Sally, and he was sworn clear; that he would never again prosecute a man for stealing, as there was no law for convicting thieves; and that if a man were to steal his horse out of his stable, he would not prosecute him."

*Williamson*, another witness, heard defendant say, "Hunter had sworn a lie to clear William Sally, and he would like to be sued by Hunter."

The plaintiff then offered to read a transcript of the docket of the justice, A. Funkhouser, before whom the trial of Sally was had: this was certified by John Patton, another justice, to be a true and perfect transcript of the docket of said Funkhouser, transferred to him by the clerk of the County Court of Clinton. To this, objections were made, but the objections were overruled, and the said transcript read in evidence.

This transcript contained, in addition to such matters as were properly entered on the docket, the written testimony of all the witnesses on Sally's trial, and amongst others, the testimony of Hunter, and of the accused, Sally.

The principle errors assigned and insisted on in this Court, are—

1st: That the judgment should have been arrested, because the colloquium in the two first counts does not contain any averment that the justice, before whom the trial of Sally took place, had any jurisdiction of the case, or power to administer an oath, and because there is no averment that the oath was taken in any matter material to the issue; and that the third count does not set forth actionable words.

2d: That the verdict should been set aside, because the three first counts are bad, and no proof given to sustain the fourth count and a general verdict.

3d: That a new trial should be granted, because of the admission of the transcript of the justice's docket, containing, as it did, irrelevant and illegal matter, calculated to have a material influence on the jury in fixing their verdict.

We will first consider the sufficiency of the declaration. The two first counts are bad on demurrer. They contain no allegations that the justice had jurisdiction or power to administer the oath, nor any allegation that the oath was taken in relation to any matter material on the trial. We are of opinion, however, that these defects are cured by verdict. When the issue joined is such as necessarily requires proof of facts, defectively stated or omitted in the declaration, and without which proof it is not to be presumed either that the judge could direct the jury to give, or the jury would have given the verdict, such defect, imperfection, or omission is cured by verdict. (1 Saund., 228, and note 1.) In Rushton *vs.* Aspinal, (Doug., 683,) Lord Mansfield states the rule to be, that where the plaintiff has

---

stated his ground of action *defectively*, it is a fair presumption, after a verdict in his favor, that all circumstances necessary, either in form or substance, to *couple the title so imperfectly stated*, must have been proved at the trial, or he could not have recovered. But where he altogether omits to state any title or ground of action, · it cannot be presumed he proved any on the trial, since he is bound to prove only what is laid in his declaration.

In the case of Chapman *vs.* Smith, (13 Johns. Rep., 80,) Judge Spencer applied these principles to a declaration in slander. In that case there was an averment, that the words were spoken of and concerning the evidence given by the plaintiff, and on a point material to the prosecution; but the judge, who delivered the opinion of the court, said: "If this averment had not been made, I should still be of the opinion, that after verdict we must intend that the words were spoken in relation to material evidence."                                    :

On the trial it would have been competent for either party to inquire in reference to what part of the evidence given the 'words were spoken; and if it had appeared that they were spoken of evidence wholly immaterial, it is not to be presumed that the plaintiff below would have obtained a verdict. The judge concluded that the principle applied with equal force to the objection; that there was no allegation of the power of the justices to administer an oath, and that such omission will be cured by verdict, as the plaintiff could not have succeeded without showing that the justices had such power.

The case of Niven *vs.* Munn, (13 Johns. Rep., 47,) was an action of slander for charging the plaintiff with swearing a lie, as a witness, on a trial in a justice's court. The declaration did not aver that the justice had jurisdiction, or that the testimony was given on a material point. The declaration was held good after verdict.

The third count, we think, is bad. There is no colloquium, and the words charged are, "that Hunter swore a lie," with an averment, that the defendant meant thereby, and was understood by the by-standers, to charge the plaintiff with perjury. The cases of Goodrich *vs.* Wollcott, (3 Cowen, 239,) and Cornelius *vs.*· Vanslyck, (21 Wendall, 70,) are not like this. The offences charged, in those cases, were of a different character from that of perjury; and though it may not be easy to give any good reason why a charge of false swearing, when it is averred to be intended to convey the imputation of perjury, and to have been so understood by the hearers, is not as slanderous as when accompanied with words referring directly to some judicial proceeding, yet the distinction has been long acquiesced in and sanctioned by the former decisions of this Court. In the case of Pellin *vs.* Bard, (3 Caine's Rep., 73,) the words, "You swore a lie, for which you stand indicted," were held actionable, on the ground that the ·concluding words, "*you stand indicted*," implied that the false oath could have been none other than perjury, otherwise an indictment would not lie; but in Stafford *vs.* Green, (1 Johns. Rep., 505,) the words charged were, "He swore false before squire Andrews, and I can prove it," and the words were held not actionable, without a colloquium. The same principle is settled in Brooker *vs.* Coffin, 5 Johns. Rep., 189.

For the same reason, the first and second counts would be bad without the colloquium.

Our statute (page 470, sec. 4,) provides, that where there are several counts in a declaration, and entire damages are given, the verdict shall be good, notwithstanding one or more of such counts may be defective. The motion in arrest of judgment was therefore properly overruled.

But if the three first counts in this declaration were bad, and no evidence to sustain the fourth count, the verdict should be set aside. As there was abundant proof to support the first and second counts, which we consider good after verdict, the insufficiency of the third count will not affect the verdict.

In relation to the admission of the transcript from the docket of the justice, before whom the trial of Sally took place, a reference to the 14th section of the act of 1838, '39, (page 43,) is sufficient to show that the transcript was properly admitted. That this transcript was not evidence, except of such matters as were properly on the justice's docket, is also well settled; but the defendant did not point out the objectionable parts of the transcript at the trial. So much of the transcript as contained the irrelevant matters complained of should have been excluded from the jury, and would have been, no doubt, if the defendant had called upon the court to do so, and pointed out the exceptionable matter. Not having done so in that court, it is too late to object here.

Judgment affirmed.