IN

# THE SUPREME COURT

OF

## THE STATE OF MISSOURI,

OCTOBER TERM, 1870, AT ST. LOUIS.

---

ALFRED BUNDY, Respondent, *v.* WILLIAM HART, Appellant.

1. *Practice, civil — Actions — Slander.— Offense not being crime at common law, statute must be alleged, when.*—If an offense charged be a crime by the general law involving the punishment spoken of, the words are actionable without any allegation concerning the laws of the State or country where the offense is charged to have been committed; but it is otherwise where the act is not subject to criminal prosecution at common law, as in "barning burning." Accordingly, in suit for slander brought in this State, an allegation in the petition that defendant said of plaintiff, "he had to leave Indiana for burning a barn," without the further averment that, by the law of Indiana, burning a barn could be arson, would be fatally defective.
2. *Practice, civil — Actions — Slander — Allegata and probata.*—In an action for slander, the words proved must be substantially the same words as those charged in the petition — not different words of the same import.

*Appeal from Fourth District Court.*

*Harrington & Cover,* and *Barrow & Millan,* for appellant.

I. The statute of Indiana, relating to the offense, should have been pleaded and proved like any other fact. If not pleaded, the court should not have permitted it to be read in evidence. (Townsh. Sland., § 159.)

II. There is clearly a variance between the allegation in the petition and the proof. The weight and preponderance of the evidence shows that the words spoken were: "It is reported that he had to leave Indiana for burning a barn." These words do not support the allegation in the petition. The words proved are not equivalent to the words charged, nor are they the same in substance, nor is the same idea conveyed. (Birch v. Benton, 26 Mo. 153; Coghill v. Chandler, 33 Mo. 115; Berry v. Dryden, 7 Mo. 324.)

III. The petition does not state facts sufficient to constitute a cause of action. The words charged, to-wit: "he had to leave Indiana for burning a barn," are not actionable *per se*. Words, to be actionable *per se*, must of themselves impute the commission of an indictable offense for which corporal punishment may be inflicted as the immediate punishment, and not as a consequence of a failure to satisfy a pecuniary penalty. (Birch v. Benton, *supra*.) The statute of Indiana not being pleaded, the question as to whether the burning of a barn is arson will be governed by the common law. Courts can not take judicial notice of the statutes of Indiana, but will presume that their common law is the same as ours. (Warren & Dalton v. Lusk, 16 Mo. 102; Houghtaling v. Ball, 19 Mo. 84.) To burn a barn is not arson at common law. (Townsh. Sland., § 337; Barham v. Nethersol, Yelv. 21.) At common law, arson is the willful and malicious burning of the house or outhouse of another man, and it must be the dwelling or some outhouse which is parcel thereof. (2 Whart. Am. Cr. Law, §§ 1658, 1667; Townsh. Sland., § 166; 4 Blackst. 220.) A man may burn a barn and be justified in it. (Ingalls v. Allen, Breese, 300.)

IV. Either the words themselves must be such as can only be understood in a criminal sense, or it must be shown in a colloquium in the introductory part that they have that meaning, otherwise they are not actionable. (Townsh. Sland., note 163; Holt v. Scholefield, 6 T. R. 691; Harrison v. Stratton, 4 Espin. Cas. 281; Edgerly v. Swain, 32 N. H. 478; Chaddock v. Briggs, 13 Mass. 248; Bloss v. Tobey, 2 Pick. 320; Dorrey v. Whipps, 8 Gill, 457; 13 U. S. Dig. 445, § 61; Townsh., § 337; Barham

v. Nethersol, *supra;* Gamsford v. Blatchford, 7 Price, 544; 6 Price, 36.) There is no allegation in the petition that, by the laws of Indiana, it is made arson to burn a barn.

*Porter, Williams & Eberman,* for respondent.

I. In Missouri, where the words were spoken, the burning of a barn, as charged in the petition, was arson. To the bystanders there the words imported the crime of arson. Then it was wholly immaterial whether the burning was arson in Indiana or not, since it was arson where the words were spoken. (Russell v. Cornell, 24 Wend. 356; Case v. Buckley, 15 Wend. 327.)

II. The testimony of appellant cures any defect there may have been in the petition by reason of its not averring that the burning of a barn in Indiana was there indictable; for such testimony shows that, from a letter which defendant claimed he had received from Indiana, plaintiff had been indicted for there burning a barn.

III. Although a petition may be defective, yet if it appear that the verdict could not have been given or the judgment rendered without proof of the matter omitted to be stated, the defect will be cured and the judgment will not be arrested. (Richardson *et al.* v. Farmer *et al.*, 36 Mo. 45, and authorities cited.

BLISS, Judge, delivered the opinion of the court.

The plaintiff prosecutes for slander, charging it as follows: "Plaintiff states that on or about the first day of December, 1866, defendant spoke the following false and slanderous words concerning the plaintiff: 'That he had to leave Indiana for burning a barn,' thereby meaning and intending to charge that plaintiff had been guilty of the crime of arson, and was so understood by the bystanders," etc. Defendant denied the speaking the words, and, upon the trial and by motion in arrest, claimed that the words were not actionable without the allegation that, by the laws of Indiana, burning a barn could be arson. That the words spoken, in order to be actionable in themselves, must import a crime involving disgraceful or corporal punishment, is not

denied, and the elucidation of the law by Judge Richardson, in Birch v. Benton, 26 Mo. 163, leaves nothing to be said upon that point.

We can only assume that an act is criminal in another State or country where the court can not take notice of its laws, by proof of the fact, or by reference to the general or common law; and hence if the words charge an act to be done in another jurisdiction, which is not a crime by the common law, in order to make them actionable the petition should show and the evidence establish its criminality by the laws of such State or country. If the offense charged be a crime by the general law involving the punishment spoken of, as a charge of administering poison (33 Verm. 136), or of larceny (4 Blackf. 460), or murder (3 Wis. 709), the words are actionable without any allegations concerning the laws of the State or country where the offense is charged to have been committed. The court will assume that such offenses are universally punishable in a criminal court (Johnson v. Dicken, 25 Mo. 580); but it is otherwise where the act is not subject to criminal punishment at common law. Thus, it was held in Barkley v. Thompson, 2 Penn. 148, that a charge of adultery committed in New York is not actionable in Pennsylvania without showing it to have been punishable in New York as a crime; and all the authorities go to the same extent. (Wall v. Haskins, 5 Ired. 177; Townsh. Sland., § 160, and cases cited.)

I find no difference in the authorities in regard to the necessity of proving the criminality of the act charged, but they are not equally clear upon the question of pleading. In Shipp v. McCraw, 3 Murphy, N. C., 463, the defendant had charged the plaintiff with stealing a note in Virginia; and it having been proved that the act was larceny by the laws of Virginia, the majority of the court sustained the judgment obtained by the plaintiff—Hall, J., dissenting upon the ground that the declaration had not set forth "whether or not the stealing of a note in that State was an offense." But the question of pleadings was not noticed in the opinion of the majority, and they must either have ignored the fundamental principle of all pleading, that the material facts must be set out, or treated the declaration as sufficient after

verdict; for it is clear that, unless it was a crime in Virginia to steal a note, there was no slander, and that it was, was a fact to be alleged and proved.

The case of Barham v. Nethersol, 4 Coke, S. C., 20, and Yelv. 22, is often cited. No inducement was set out, and the words charged were: "T. Barham (the plaintiff) hath burnt my barn" (meaning my barn at that time full of corn). Judgment was arrested, because burning a barn was a trespass only, although it was a felony to burn it filled with corn. Had the extrinsic fact that the barn was full of corn been first alleged by way of "inducement," a foundation would have been laid in the pleading for inferring the meaning of the words; and it would have been good. The doctrine of this decision has been followed in all the leading cases, both in England and the United States, and this court has uniformly recognized it. (See Townsh. Sland., §§ 159, 336–7, and cases cited in the notes; also Palmer v. Hunter, 8 Mo. 512; Curry v. Collins, 37 Mo. 324.) Indeed, I have never heard the general principle doubted, that where words are charged that are not actionable without a knowledge of some extrinsic fact, it is necessary to set forth that fact by way of preliminary averment. Unless it is done, the petition makes no case, and I can not see why the existence of the foreign statute necessary to give character to the words is not a fact merely, without which the words are legally innocent. The liability of defendant is a logical conclusion from the facts charged, and there is no liability on paper if a material fact is omitted to be charged.

And it is not sufficient that the extrinsic facts appear by the innuendo, for it is not the office of the innuendo to make averments, but to apply the words or explain their meaning. (Van Vechten v. Hopkins, 5 Johns. 211.) Averments must be proved. Innuendos are used to so connect the words charged with the averments, or show their meaning, as to make the petition a logical and complete statement of the plaintiff's case. "The question which an innuendo raises is in all cases a question not of fact, but of logic." (Fry v. Bennett, 5 Sandf., N. Y., 65.)

The code dispenses with all special averments showing the application to the plaintiff of the defamatory matter, but with no

other, and, with this exception, all the rules applicable to the substance of the petition are in full force. (Fry v. Bennett, *supra.*)

Applying these principles to the case at bar, it will be seen that the petition is defective in not showing that burning a barn, without the circumstances that make it arson at common law, is made arson by the laws of Indiana. It is not an offense at common law unless the barn was connected with a dwelling-house or was filled with corn. (4 Blackst. 221.) The pleader attempts to supply the want of a proper averment by an innuendo, which can not be done. Its province, as we have seen, is to explain the meaning of the words, and the meaning ascribed to them can not be true unless the act charged was arson by the laws of Indiana, of which we are unadvised. Had the words been "he had to leave Indiana for burning a dwelling-house"—meaning that he there feloniously burned a dwelling-house of another, or meaning that he was there guilty of arson—no extrinsic averment would have been necessary; for the words themselves, if the true meaning were given, would be actionable as charging a crime *per se.*

It may be said that the courts of each State should assume all acts to be criminal in other States that are made so by the statutes of their own State, but this would be an assumption not only contrary to the traditions and practice of courts, but contrary also to the known fact; and if it be also said that burning a barn is a crime of such moral turpitude that we should assume it to be a punishable offense, that must depend upon circumstances. If the charge involve such a burning as to make it by our statute arson in the first or second degree, the remark would apply, for that would be a crime at common law, and no foreign statute need be alleged or proved. But many of our western barns are in the open field and of trifling value, some being built of poles and straw, and their destruction would involve less of the moral elements of crime than some mere trespasses. No such aggravated meaning was sought to be given to the words charged in the petition, and the plaintiff relied entirely upon the Indiana statute, which he was permitted to prove without having pleaded it.

The suggestion of counsel that the petition is good after ver-

dict is not valid, for the reason, if there were no other, that defendant objected to it in every stage of the case and excepted to the action of the court in sustaining it.

The court also committed error in refusing to give the following instruction to the jury: "The court instructs the jury that if they believe from the evidence that defendant did not speak the words charged, to-wit: 'He (Bundy) had to leave Indiana for burning a barn,' but that he spoke the following other words, to-wit: 'I think my character is about as good as Bundy's; I hadn't to leave Indiana for burning a barn,' these words will not support the charge, and they will find for defendant." This instruction should have been given, for the words supposed do not support the petition. The words proved must be substantially the same words charged in the petition, not different words of the same import. More words may be and usually are proved than are laid, but those laid must be substantially covered by the proof. The law upon this subject is well stated by Judge Scott in Berry v. Dryden, 7 Mo. 324, and is affirmed and enlarged upon in Birch v. Benton, *supra.* "Although the words proved," says Judge S., " are equivalent to the words charged in the declaration, yet, not being the same in substance, an action can not be maintained; and although the same idea is conveyed in the words charged and those proved, yet if they are not substantially the same words, though they contain the same charge, but in different phraseology, the plaintiff is not entitled to recover." Proof of words spoken in the second person will not sustain a petition charging the speaking to have been in the third person. (McConnell v. McCoy, 7 Serg. & R. 223.) In an old case the words " she is as very a thief as any that robbeth," etc., were held not to be supported by proof of the words " she is a worse thief than any that robbeth," etc. (Ratcliff v. Shubley, Cro. Eliz. 224.) The whole subject of variance between words laid and proved is discussed in Starkie on Slander, etc., pp. 369–76, and differences much slighter than between those in the petition and supposed in the instruction refused are held to be fatal.

The judgment is reversed and the cause remanded. The other judges concur.