BERNARD HACKETT *vs.* PROVIDENCE TELEGRAM PUBLISHING
COMPANY.

A published article to the effect that the plaintiff had charge of the printing for
an entertainment given by an organization with which he was connected—
that though he had received money from the organization to pay for the
printing, he put off payment of the bill when called on, by various excuses—
that being sued he was compelled to pay the bill and the costs of suit, cannot
be construed as charging the plaintiff with embezzlement.

The natural meaning of the language alleged to be defamatory cannot be en-
larged by an *innuendo*, and a construction given to it which it will not bear.

TRESPASS ON THE CASE for libel.   Certified from the Com-
mon Pleas Division on demurrer to the declaration.

*May* 16, 1894.   PER CURIAM.   We do not think that the
publication complained of was libellous *per se*.   It is to the
effect simply that the plaintiff had charge of the printing for
an entertainment given by an organization with which he was
connected; that though he had received the money from the
organization to pay for the printing, he put off payment of
the bill, when called on, by various excuses; that being sued
he was compelled to pay the bill and the costs of suit.   The
article does not even state that the reasons urged by the
plaintiff for postponing payment were frivolous; for aught
that appears they may have been such as were valid and to
justify the plaintiff in the delay.

The plaintiff, by the *innuendoes* in the declaration, avers
that the defendant intended to charge in the article that a
sum of money had been entrusted to the plaintiff by the so-
ciety for which he acted, for a specific purpose, to wit, the
payment of a certain bill for printing due and payable from
the society to the printer, and that the plaintiff had neglected
and refused to so apply it because he had converted it to his
own use; and so was guilty of the crime of larceny.   We do
not think that the article will warrant the construction that
the plaintiff was guilty of embezzlement, which under Pub.
Stat. R. I. cap. 242, § 16, is deemed to be larceny.   The
office of an *innuendo* is to define the defamatory meaning
which the plaintiff attaches to the words, if they are equivo-

cal; but it cannot be used to introduce new matter, or to enlarge the natural meaning of the words and thereby to give to the language a construction which it will not bear.  Odger on Libel and Slander, * 100.  *Hunt* v. *Goodlake*, 43 L. J. (C. P.) 54;  29 L. T. N. S. 472;  *Broome* v. *Gosden*, 1 C. B. 728;  *Sheeley* v. *Biggs*, 2 Har. & J. 363;  3 Am. Dec. 552;  *Bundy* v. *Hart*, 46 Mo. 460;  *Van Vechten* v. *Hopkins*, 5 Johns. 211, 220.

Demurrer sustained and case remitted to the Common Pleas Division.

*Walter B. Vincent*, for plaintiff. .

*Charles A. Wilson & Thomas A. Jenckes*, for defendant.