JOHN V. McKIM, Appellant, v. JOHN D. MOORE.

In Banc, February 9, 1922.

1. **SLANDER: Sufficient Averment: Words Actionable Per Se.** To render spoken words actionable *per se* they must impute the commission of a crime. Lacking this essential element, the petition must contain preliminary averments designated as a colloquium charging the existence of such facts as will render the words actionable *per se*.

2. ———: ———: ———: **Medical Board: Doping Registrants for Military Service.** Where plaintiff, a practicing physician and surgeon, was a member of the County Medical Examining Board, and was present at one of its sessions held under the provisions of the Selective Service Law of the United States and engaged in the examination of registrants, and when a man named Anderson came out of the room where the examinations were being conducted and stated in answer to an inquiry that he had not passed, a remark by defendant to one Moore, made in the presence and hearing of others, that if he had been "doped" like plaintiff had "doped" Anderson "you wouldn't have passed either," was not actionable *per se* and cannot be construed as charging plaintiff with the commission of a crime, there being no allegation that the inquiry of Anderson had reference to an examination before said medical board, and none stating in what capacity or for what purpose he had been before said board, either as a registrant subject to examination for military service or that he had been examined by the board under said law; and said facts being material and therefore to be proved must be alleged, the petition did not state a cause of action for slander. The charge of administering "dope" to Anderson cannot be construed as a crime unless it is alleged that he was a registrant subject to examination and military service and that the "dope" was administered to him by plaintiff for the purpose of rendering him unfit for such service or of misleading and deceiving the board as to his physical fitness.

3. ———: ———: ———: **Defect Cured by Verdict.** Where the petition alleges no cause of action, omitted material allegations cannot be implied from what is stated and the defect cured by a verdict.

Appeal from Shelby Circuit Court.—*Hon V. L. Drain, Judge.*

AFFIRMED.

F. H. McCullough, Stewart & Stewart, E. M. O'Bryen and E. A. Dowell for appellant.

(1) The words alleged and proven are actionable *per se;* they impute to plaintiff the commission of a crime under the laws of the United States, indictable, and for which corporal punishment may be inflicted as the immediate punishment, and not as the consequence of a failure to satisfy a pecuniary penalty. Birch v. Benton, 26 Mo. 153; Bundy v. Hart, 46 Mo. 462; Houston v. Wooley, 37 Mo. App. 24; Currey v. Collins, 37 Mo. 328; Boyce v. Wheeler, 197 Mo. App. 295; Sec. 6, Selective Service Law of United States, approved May 18, 1917. (2) The circumstances under which the injurious words were spoken are fully alleged in the petition and shown by the evidence. It is also alleged and shown, by way of *innuendo,* that defendant intended to charge plaintiff with the crime of interfering with and obstructing the operation of the Selective Service Law of the United States and with an unethical act as a physician and surgeon, and that defendant was so understood by said Spees, Anderson and others there present. This makes a case which should have gone to the jury. Boyce v. Wheeler, 197 Mo. App. 295; Peak v. Taubman, 251 Mo. 390; Lewis v. Humphries, 64 Mo. App. 466. (3) In passing upon a demurrer to the evidence, only that tending to make a prima-facie case for the plaintiff should be considered. A demurrer to the evidence admits every fact which the jury might reasonably infer from the testimony and the facts and circumstances in evidence. Peak v. Taubman, 251 Mo. 390; Rine v. Railroad, 100 Mo. 228; Franke v. St. Louis, 110 Mo. 516; Brick Co. v. Contr. Co., 219 S. W. 681. (4) If there is any substantial evidence, direct or inferential, tending to establish plaintiff's cause of action, a demurrer to the evidence should not be sustained. It is only necessary that while any one or more

facts or portions of the evidence may not justify a verdict, yet all of the evidence when considered together, so as to place each fact in its proper light and enable the jury to draw correct inferences as to the result of defendant's conduct and the motives with which he was actuated may afford substantial basis for the jury's finding. Evidence offered by defendant should not be considered, unless it supports plaintiff's case. Surbeck v. Surbeck, 208 S. W. 652; Claxton v. Pool, 182 Mo. App. 13, 27. (5) In this case the identical words alleged in the petition were proven, almost exactly as pleaded, by the witness Spees, and, in substance, by others present and who heard the charge made. It is only necessary that substantial proof of the identical words, or enough of the identical words as will support the charge, be proven. All the witnesses testified to the "identical" words, in one form or another. Birch v. Benton, 26 Mo. 153; State v. Westbrook, 186 Mo. App. 421, 171 S. W. 617; Christal v. Craig, 80 Mo. 367. (6) The court erred in excluding from the evidence the official discharge of the witness Joseph S. Anderson from United States Army, and the verbal testimony of said witness that he was inducted into and discharged from the army, subsequent to the examination of August 24, 1917. Such evidence was relevant and tended to prove the fact alleged in the petition, that defendant charged and intended to charge plaintiff with aiding said Anderson to avoid the draft and with interfering with and obstructing the operation of said Selective Service Law of the United States and that said charge was false. This evidence was clearly admissible under the great and general rule, that all facts or circumstances upon which any reasonable presumption can be founded as to the truth or falsity of the issue, or disputed fact, are admissible. 1 Starkie, Evid. sec. 7; Ann. Cas. 1914C. 878; 10 R. C. L. 925, 928, secs. 87, 91.

*H. J. Libby, J. D. Dale* and *Campbell & Ellison* for respondent.

(1) The words charged: "Why in the hell didn't you tell him that you wouldn't have passed either if you had been doped like Doc McKim doped him," are not actionable *per se*. Adams v. Hannon, 3 Mo. 222; Church v. Bridgman, 6 Mo. 193; Palmer v. Hunter, 8 Mo. 512; Burch v. Benton, 26 Mo. 153; Speaker v. McKenzie, 26 Mo. 255; Curry v. Collins, 37 Mo. 324; Bundy v. Hart, 46 Mo. 461; Powell v. Crawford, 107 Mo. 595; Christal v. Craig, 80 Mo. 367; Walsh v. Company, 250 Mo. 151. (2) Spoken words are not actionable *per se* unless they charge or impute a crime. Christal v. Craig, 80 Mo. 369; Bundy v. Hart, 46 Mo. 460. (3) When the spoken words are not actionable *per se* the colloquium must show they were used in such a connection and such a sense as to impute a crime. Cases cited above. (4) The plaintiff must allege and prove that the words were actually used in an actionable sense, that they applied to plaintiff, and that the hearers so understood them. Fenn v. Kroeger, 209 S. W. 887.

WALKER, J.—This is an action for damages for slander, brought in the Circuit Court of Knox County, but transferred by a change of venue to Shelby County, where it was tried in October, 1919. At the close of plaintiff's testimony the court gave an instruction in the nature of a demurrer to the evidence. Upon plaintiff declining to plead further, judgment was rendered in favor of the defendant, from which this appeal has been perfected.

The material portions of the petition upon which the determination of this action depends is substantially as follows: That in August, 1917, the plaintiff and the defendant and Gilbert S. Moore, Joseph S. Anderson, Gale Spees and other citizens of Knox County were in the city of Edina attending a session of the County Medical Examining Board held under the provisions of the Selective Service Law of the United States; that the plaintiff is a practising physician and surgeon in Knox County, and was in attendance upon said board as an assistant

member of same, and was engaged in the examination of registrants; that while plaintiff was thus engaged Joseph S. Anderson came out of the room where the examinations were being held and was asked the following oral question by Gilbert S. Moore, to-wit: "Did you pass?" to which inquiry said Anderson replied, "No;" that in the presence and hearing of the persons heretofore named and others, the defendant propounded to said Moore the following inquiry: "Why in the hell didn't you tell him that you wouldn't have passed either, if you had been doped like Doc McKim doped him;" that this oral charge or statement was loudly and angrily made by the defendant and was heard and understood by Gale Spees, Joseph S. Anderson and others then and there present; that upon an inquiry subsequently made of the defendant by the plaintiff as to the truth of the charge stated to have been made by the defendant against the plaintiff, the defendant denied having made same, but later to and in the presence of a Miss Rudd repeated, in effect, said false charge in this language: "Joe Anderson is as healthy as my boy or anyone else's boy and he undoubtedly would have passed examination if McKim hadn't doped him." In addition, the petition contains allegations that the charge was falsely, maliciously, wrongfully and wilfully made and that defendant falsely and maliciously charged and intended to charge plaintiff with the commission of a criminal and unlawful act under the laws of the United States of America, and with the commission of an unethical act as a physician and surgeon, and that said false and slanderous words were so heard and understood by said Gale Spees, Joseph S. Anderson and divers other persons then and there being.

The answer is, first, a general denial; and, second, that prior to the date of the alleged charge made by the defendant against the plaintiff, it had been currently reported in Knox County that plaintiff had doped said Joseph S. Anderson and that the latter had taken dope furnished by the plaintiff; that on the 24th day of August,

1917, when the said charge is alleged to have been made, the defendant believed the reports to be true.

I.   The sufficiency of the petition is the matter at issue.   Involved therein is the question, were the words spoken actionable in themselves in that they charged a crime against the United States?   It is elementary that to render spoken words actionable *per se* they must charge or necessarily impute the commission of a crime.   Lacking this essential, the petition must contain preliminary averments technically designated as a colloquium charging the existence of such facts as will render the words actionable.   [Walsh v. Pulitzer, 250 Mo. 142, and cases; Cook v. Publishing Co., 241 Mo. l. c. 344, and cases.]

The early annals of our jurisprudence are more rife than those of the present with instances of the use of intemperately spoken words for which actions for damages have been instituted.   If, therefore, it is sought by analogy to test the sufficiency of this petition so far as concerns the nature of the words charged to have been used, it will be found necessary to consult the earlier cases where it is evident men were freer in the use of the vernacular and less mindful of the character and effect of their remarks.

Here we are concerned more particularly with the adjudications as to the use of words in which it was held that they were not actionable *per se* and, hence, a colloquium was necessary to render them the basis of the cause of action.   Illustrations of the use of such words and the reasons for the rulings thereon are found in the following cases:

"I stroked her."   "The efficient word," said the court, "is stroked.   Whatever obscure meaning this word may convey in particular sections of the country, or in particular companies, it is certain that it is generally understood by the well-educated part of the community to have no bad meaning.   If then, from the manner in which it has been used by the defendant or in the particular neighborhood or company where it is used, it has acquired

a signification calculated to convey the charge set out in the declaration, the fact should have been averred." [Adams v. Hannon, 3 Mo. 222.]

To say of a woman that "she has gone down the river with two whores to the goosehorn" is not actionable *per se.* [Dyer v. Morris, 4 Mo. 214.]

Where the slander imputed was in relation to the crime of passing counterfeit money, it was held that there must be a colloquium to the declaration averring that the defendant spoke the words of and concerning plaintiff's commission of the offense of passing counterfeit money, knowing the same to be counterfeit. [Church v. Bridgman, 6. Mo. 190.]

A declaration in slander charging the plaintiff with swearing a lie as a witness before a justice in which it is not stated that the justice had jurisdiction or power to administer the oath or that the testimony was given upon a material matter, was held bad on demurrer. [Palmer v. Hunter, 8 Mo. 512.]

In an action charging one with having sworn a lie, it must be shown that the alleged false testimony was given at a trial and was material to the issue. [Harris v. Woody, 9 Mo. 113; McManus v. Jackson, 28 Mo. 56.]

In Birch v. Benton, 26 Mo. 153, rendered famous in our judicial annals on account of the prominence of the parties, it was held that a charge made by Senator Benton, among other vilely vituperative remarks, against Col. James H. Birch, that the latter "had whipped his wife" was not actionable *per se.* The trial court had instructed the jury that these words were actionable in themselves; the Supreme Court held this to be error and in commenting thereon said: "Though there is no act which is more disgraceful or cowardly, and no offense for which a man ought more promptly to be branded with shame, yet there is no action for such slander without the allegation and proof of special damage." After discussing at some length the rules laid down by different courts by which they undertake to determine what words are or are not actionable, the court says (p. 160): "As the result of

our examination we think the rule that is safest and most certain in its application is, that words are in themselves actionable which impute an indictable offense for which corporal punishment may be inflicted as the immediate punishment, and not as the consequence of a failure to satisfy a pecuniary penalty.''

An allegation in a petition for slander that defendant said of plaintiff: ''He had to leave Indiana for burning a barn,'' without a further averment that by the law of Indiana burning a barn could be arson, would be fatally defective. [Bundy v. Hart, 46 Mo. 460.]

As especially applicable to the facts in the instant case, it is held by the Kansas City Court of Appeals that in order to render language concerning one in a special character or relationship actionable, it must touch him in that special character or relationship. It is not sufficient that the language disparage one generally or that his general reputation is thereby affected; but it must be such as, if true, would disqualify him or render him less fit to fulfill the duties of the special character assumed. In short, this ruling is that language concerning one in his trade or profession to be actionable *per se* must impute to him fraud, want of integrity or misconduct in the line of his business or profession whereby he gains his bread. [Baldwin v. Walser, 41 Mo. App. 243.]

Words written of one that he was a supervising architect of a building and that he promised to and did give defendants work thereon for a commission paid to him by them are not actionable *per se,* and a petition in an action thereon for libel which fails to allege the extrinsic facts showing their libelous meaning is fatally defective. [Legg v. Dunleavy, 80 Mo. 558.]

The words, ''You took my pocketbook and money and have got it there in your bucket,'' are not actionable *per se,* and in an action for slander therefor the petition must contain explanatory averments showing the application and the imputation to be intended to be conveyed. [Christal v. Craig, 80 Mo. 367.]

After citing and discussing many of the cases above referred to, we held in Walsh v. Pulitzer, supra, that the statute, now Section 1263, Revised Statutes 1919, which provides: ''In an action for libel or slander, it shall not be necessary to state in the petition any extrinsic facts, for the purpose of showing the application to the plaintiff of the defamatory matter out of which the cause of action arose, but it shall be sufficient to state, generally, that the same was published or spoken concerning the plaintiff; and if such allegation be not controverted in the answer, it shall not be necessary to prove it on the trial; in other cases it shall be necessary,'' that it is still necessary that all of the averments required at the common law to show the meaning of the words used must be made and so much of the extrinsic facts as will show their meaning and to whom they are applied when such person and meaning are not embraced in the imputed words.

Guided by the manner in which words charged to be actionable have been construed in former cases, let us attend to those used in the instant case. While the petition alleges that Anderson came out of the room in which the examination of registrants was being held and the inference which may be deduced from this allegation and the other surrounding facts is that the inquiry ''Did you pass?'' had reference to an examination before the local board operating under the United States Selective Service Law, there is no allegation to that effect nor is it alleged in what capacity or for what purpose Anderson had been before said board, either as a registrant subject to examination for military service or that he had been examined by it under the United States law. These were material facts of which the pleading gives no information. As material facts they were necessary to be proved but could not be proved unless they had been alleged. Furthermore, the words attributable to the defendant as having followed the inquiry ''Did you pass?'' cannot be construed as charging the plaintiff with the commission of a crime. While the words ''doped him,'' although ta-

booed as slang, are usually understood to mean the administration of an opiate or narcotic, they could not be construed as meaning that the plaintiff had "doped" Anderson with the intention and for the purpose of preventing him from being taken into the military service without a preliminary averment that he was subject to such service and an examination by the local board, and, as well, that the question "Did you pass?" had reference to his examination by said board. The charge alleged to have been made by the defendant against the plaintiff cannot, therefore, be construed as imputing a crime to the latter unless the person to whom the "dope" was alleged to have been administered was a registrant subject to examination and that the act was committed by the plaintiff to render such person unfit for military duty or for the purpose of misleading or deceiving the local board as to his physical fitness, and thereby violate the law.

In the absence of these essential averments, the petition does not state a cause of action and the demurrer to the evidence was properly sustained.

II.   This is not a case where material allegations omitted from a petition may be necessarily implied from what is stated and, hence, the defect cured by a verdict. [Nolan v. Railroad, 250 Mo. l. c. 615; Thomasson v. Insurance Co., 217 Mo. l. c. 497.] The defect here is more serious in that the petition alleges no cause of action.

From all of which it follows that the judgment of the trial court should be affirmed, and it is so ordered. All concur, except *Woodson, J.,* absent.