* By the Court.
Though the plea in bar may be bad in itself, as it seems to be agreed, it will yet be a sufficient answer to a bad declaration.
The question then remaining is on the insufficiency of the second count. The objection to it is, that the words charged do not of themselves amount to a libel, without recurring to the first count *215 for circumstances necessary to prove their libellous nature. Whether such recurrence is admissible in this species of action or not, we do not think it necessary here to decide, because we are of opinion that the words in the second count of themselves sufficiently import scandal. The constitution and laws of the commonwealth, as they relate to our elections, are well known to the citizens. Few of them are ignorant that the law has inflicted a penalty on him who puts in two votes for the same officer. Fewer still, it is hoped, there are, who are not sensible that such an act is highly dishonorable to a citizen of a free republic, in which every one is entitled to equal rights; it is a base infringement of the rights of others, and the lenity of the law, in imposing so light a penalty on the commission of it, is very striking.
The words themselves, without the aid of the innuendoes, are plain and intelligible to the most ordinary minds. They could not be misunderstood by a citizen of Massachusetts. To give them an effect highly injurious to the plaintiff, it is even immaterial whether he was in fact present at the meeting, or whether such a meeting was held. The scandal takes effect on the public mind from their own import and force only. If the laws of our country did not animadvert on such an injury, they would be a disgrace to that country. But our laws deserve no such reproach. The plea in bar to the second count is bad and insufficient; and judgment must be entered on the verdict.