NELSON vs. MUSGRAVE.

1. It is a libel to write of a person that "he is thought no more of than a horse-thief and a counterfeiter."

2. A plea of justification must aver that the plaintiff had committed the offences of horse stealing and counterfeiting. It is not sufficient to aver in such plea that he "was thought no more of than a horse-thief," &c.

3. Such matter might go in mitigation.

## APPEAL from Pulaski Circuit Court.

LEONARD & BAY, *for Appellant,*

1. If the demurrer to the defendant's special plea was sustained, judgment should have been rendered for him, as the declaration does not contain any cause of action.

2. If the demurrer was overruled, the plea stood unanswered, and judgment of *non pros* should have been entered against the plaintiff; at all events if the court should presume that the demurrer was overruled, it is evident that it was improperly overruled, as the declaration is bad.

STRINGFELLOW & ANGNEY, *for Appellee.*

1. The plea is bad. This will not be denied.

2. The declaration is sufficient, the letter being libellous.

NAPTON, J., *delivered the opinion of the Court.*

This was an action for a libel, alleged to have been written by Nelson, in a letter addressed to some one in the State of Tennessee. The libellous words charged, were as follows: "He (the plaintiff,) is thought no more of than a counterfeiter, a horse thief, a liar and a false swearer; he keeps bad company; he has no neighbors here. I have his character from Illinois in black and white, assigned by thirty-one good citizens that knew him in that country, and could of had a hundred, and is worse there than here if possible."

The defendant pleaded not guilty, and a special plea of justification.— The special plea affirms the truth of the alleged libellous matter in the language of the declaration, averring, that at the time of writing of said letter, &c., the plaintiff was not thought any more of than a counterfeiter, &c.; that he, the said plaintiff, did keep bad company; that he had no neighbors, &c., &c.

*Nelson vs. Musgrave.*

To this plea a demurrer was filed, but the record shows no disposition of it. The parties went to trial and a verdict for fifty dollars was had for the plaintiff and a judgment accordingly. To reverse this judgment the case is brought here.

The only question which can arise on the record is the sufficiency of the declaration. If the declaration be good, it is clear that the plea is insufficient. To say of a person that he is no more thought of than a counterfeiter, a horse thief, &c., would seem to be but a circumlocutory insinuation that he is a horse thief and a counterfeiter, and the only justification of such a libel, must be the commission of those offences by the individual charged. The plea merely amounts to the assertion, that others besides the writer of the libel, entertain the same unfavorable opinion of the defendant, and this fact, though it might mitigate the damages, could not amount to a justification.

It is however contended, that the words charged are not libellous, and the argument is based upon the idea, that *words* of a similar import, when spoken, could not be actional. But the rule which prevails in relation to oral slander, is not applicable to actions for libel. Words, to be actionable, when spoken of a person not in any office, trade or profession, must imply the imputation of an offence, which would subject the offender to some infamous punishment. On the other hand, a libel is defined by Judge Parsons, (Commonwealth vs. Clapp, 4 Mass. Rep., 168,) to be "a malicious publication, expressed either in printing or writing, or by signs or pictures, tending either to blacken the memory of the dead, or the reputation of one who is alive, and expose him to public hatred, contempt or ridicule." In McCorkle vs. Burris, (5 Binn. Rep., 349,) C. J. Tilghman said that "any malicious printed slander, which tends to expose a man to ridicule, contempt, hatred or degradation, is a libel." This definition is not the less applicable, when the suit is brought by the party injured, than when a public prosecution is instituted. Stow vs. Converse, 3 Con. Rep., 341; Clark vs. Binney, 2 Pick. Rep., 115; Southwick vs. Stevens, 10 Johns. Rep., 443; Steele vs. Southwick, 9 Johns. Rep., 214; Thomas vs. Crosswell, 7 Johns. Rep., 264; Walker vs. Winn, 8 Mass. Rep., 248.

Judgment affirmed.