Price v. Whitely.

---

JAMES A. PRICE, Respondent, v. ABNER WHITELY, Appellant.

1. *Libel, action for — What words libellous — Justification, how established.* — The following publication was held to be actionable as a libel: "I found an imp of the devil in the shape of Jim Price sitting upon the mayor's seat," etc. * * * "And now, sir, that imp of the devil and cowardly snail, that shrinks back into his shell at the sight of the slightest shadow, had the bravery to issue an execution against me," etc. In suit for libel founded on such publication, defendant may, in justification, show mean and disgraceful acts that would answer to the proper appreciation of the terms applied to plaintiff.

2. *Libel — Express damages need not be proved, when.* — In an action for libel no express damages need be proved, unless charged as specially arising from the profession or occupation of plaintiff.

| 50 | 439 |
| 41a | 252 |

| 50 | 439 |
| 109 | 148 |
| 110 | 584 |
| 51a | 39 |

| 50 | 439 |
| 116 | 241 |

| 50 | 439 |
| 122 | 370 |
| 59a | 231 |

| 50 | 439 |
| 66a | 613 |

| 50 | 439 |
| 72a | 465 |

| 50 | 439 |
| 167 | 47 |

| 50 | 439 |
| 174 | 485 |

*Appeal from Clay Circuit Court.*

*Milton Campbell*, for appellant, cited Stark. Sland. 439 ; 2 Stark Sland. 63 ; Smith v. Carey, 3 Campb. 461 ; Williams v. Stott, 1 Crom. & M. 675 ; Van Tassel v. Capron, 1 Denio, 250 ; 2 J. J. Marsh. 540 ; Maynard v. Fireman's Ins. Co., 34 Cal. 48.

*John Doniphan*, for respondent.

BLISS, Judge, delivered the opinion of the court.

The plaintiff obtained judgment in an action for libel, and defendant in the pleadings admitted the publication of the following words, of and concerning him : "I found an imp of the devil in the shape of Jim Price sitting upon the mayor's seat ; when I demanded the name of the person, he answered that there was no name signed to the charge. * * * And now, sir, that imp of the devil and cowardly snail, that shrinks back into his shell at the sight of the slightest shadow, had the bravery to issue an execution against me before the close of the day, and put it into the hands of the marshal." He averred the truth of the part of the matter alleged to be libellous, and also that the plaintiff had suffered no injury from its publication.

There were three counts setting out the same matter, and this, though contrary to the statute, is not erroneous, as defendant took no steps to correct the irregularity. The plaintiff should have been, at defendant's instance, confined to one count ; but no motion being made, the informality is cured by verdict.

Upon the trial the instructions given were all favorable to defendant, and the only question that can now be considered is whether the words charged are libellous, without proving special damage.

This court, in Nelson v. Musgrave, 10 Mo. 648, adopted the English doctrine, which distinguished between spoken and written slander — holding words actionable, if reduced to writing, that would not be if merely spoken ; and the distinction was affirmed in Kemble v. Sass, 12 Mo. 499, and has ever since been adhered to. In the former case the definition of a libel by Judge Parsons was quoted and approved, and is as follows : "A malicious

publication expressed either in printing or writing, or by signs or pictures, tending either to blacken the memory of the dead, or the reputation of one who is alive, and expose him to public hatred, contempt, or ridicule."

In the case at bar the libellous words charge the plaintiff with being an "imp of the devil," which, in itself, has no specific meaning, but is a mere term of reproach; and also, in very opprobrious terms, with being a very great coward. The first phrase, however, receives point and takes chiefly its libellous character from the allegation that, as imp of the devil, he sat in the mayor's seat, and was directly calculated to injure him in the eyes of the community; and the latter imputes a want of the quality of courage, without the possession or supposed possession of which a man would be utterly degraded. Libels usually impute some specific disgraceful or criminal act, and it is not often that we find them charged upon the use of epithets. For that reason I have looked more attentively to the recognized foundation of the action, and to find a complete definition of what constitutes a libel. There are many very pointed ones. (Townsh. Lib. Sland., § 18, 21.) The foregoing, by Mr. Parsons, is perhaps as good as any; and, under it, it may not matter whether the charge be specific, or the language be so abusive as to tend to degrade its subject. A celebrated definition to the same purport was given by Alexander Hamilton in The People v. Croswell, 3 Johns. Cas. 354, which was afterwards adopted by the courts of New York, to-wit: "A libel is a censorious or ridiculing writing, picture, or sign, made with a mischievous and malicious intent towards government, magistrates, or individuals." (See Steele v. Southwick, 9 Johns. 214; Cooper v. Greeley, 1 Denio, 347.) The case at bar comes within these descriptions.

What would be the natural impression upon those who confided in the defendant and were influenced by his language? What but that plaintiff was a bad man, ready in the mayor's chair to do the devil's work, which, in the popular view, is anything that is mean and bad; and also that he was an arrant coward. This would as effectually degrade and injure him in their estimation as though the charges were specific. There is an objection to this view,

to-wit : that a libel is a false accusation, that the truth of the matter charged may be shown in defense to an action, and that truth or falsehood cannot be predicated of general abuse. To this it may be said that the abuse should be such as to imply some bad or disgraceful conduct, and the justification must specifically allege conduct that would warrant the charge. Thus, when the libel is that the plaintiff is thought no more of than a horse-thief, etc., the justification must show that he has been guilty of horse-stealing (Nelson v. Musgrave, *supra*); and in the case at bar, a justification might show mean and disgraceful acts that would answer to the popular appreciation of the terms applied to the plaintiff.

The defendant undertook to justify by showing the fact that the plaintiff actually issued the execution as charged, but that did not meet the libel and was no justification.

The extent of the injury to the person libelled, as well as the malice, need not be specifically proved, but may be inferred from the wrongful charges. (Buckley v. Knapp, 48 Mo. 152.) Damages may be aggravated or mitigated by appropriate evidence, but the publication of the libel itself implies that its subject is injured by it, and no express damages need be proved unless charged as specially arising from his profession or occupation.

The other judges concurring, the judgment will be affirmed.