BOOGHER v. KNAPP et al., *Appellants.*

Libel: PUBLICATION ACTIONABLE PER SE. The publication in a newspaper of a false statement that a person was convicted and sentenced to prison for libel, is actionable without proof of special damage.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Vernon W. Knapp* for appellants.

*A. M. Sullivan* for respondent.

NORTON, J.—This is an action for libel. The petition is in several counts, and sets up that the several libels were

published in pursuance of a conspiracy between defendants. Defendants demurred to each count of the petition. The demurrer was sustained. Plaintiff declined further to plead and there was judgment for the defendants; from the judgment the plaintiff appealed to the St. Louis court of appeals, where the same was reversed. From this judgment of the court of appeals, the defendants have appealed to this court.

Plaintiff confesses that as to the first three counts of the petition the statute of limitations would be a good defense, and does not, therefore, ask the judgment of the court thereon. Besides these three counts there are five others, to each of which defendants interposed a demurrer, and if a cause of action is stated in any one of them, the circuit court committed error in sustaining the demurrer.

The fourth count, (which is of too great length to be here inserted.) while containing perhaps redundant matter, and while it is wanting in perspicuity and explicitness—the corrective for which is by motion to strike out and by motion requiring plaintiff to specify the particular portions of the article he claims to be false and libelous—nevertheless states a cause of action in averring that defendants published in the Missouri Republican a false, malicious and defamatory article of and concerning the plaintiff, (which article is inserted in the petition,) and further averring that said article falsely charges plaintiff with the publication of a libel and with having been convicted of the offense. We are of opinion that the court of appeals ruled correctly in holding that the circuit court erred in sustaining the demurrer to the fourth count. If defendants falsely charged and published in writing that plaintiff had been convicted of libel and his punishment assessed at imprisonment, this is actionable without any allegation of special damages. *Price v. Whitely*, 50 Mo. 439; *Curry v. Collins*, 37 Mo. 326; *Brooker v. Coffin*, 5 John. 188; *Van Ankin v. Westfall*, 14 John. 233; *Nelson v. Musgrave*, 10 Mo.

648.  Judge Bakewell, who delivered the opinion of the court of appeals, properly observes:  "That the publication was false, in fact, was admitted by defendants' demurrer.  Whilst as a general rule the publication of a full and fair account of what passes in a court of justice, not *ex parte*, not accompanied with injurious comments, made in good faith in discharge of a duty to the public, is not only privileged but may be highly meritorious; whilst if Boogher really has been sentenced as the alleged libel states, nothing can be more unreasonable than to suppose that there is anything libelous in the language imputed to defendants, in said count of the petition, yet taking the allegation as made therein, that the publication is false—which the demurrer admits, since the falsity of the publication is sufficiently pleaded—a cause of action is stated, and the demurrer to the count should have been overruled." Judgment affirmed, in which all concur.