LEGG, *Appellant*, v. DUNLEAVY *et al.*

Libel: WORDS ACTIONABLE PER SE: PLEADING.   Words written of one alleging that he was a supervising architect of a building, and that he promised to and did give the defendants work thereon for a commission paid to him by them, are not actionable *per se*, and a petition in an action therefor, for libel, which fails to allege the extrinsic facts showing their libelous meaning, is fatally defective.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Taylor & Pollard* for appellant.

A publication affecting one in his office or trade, if false, is libelous *per se*, and special damages need not be alleged or proved.   *Kimball v. Fennander*, 21 Wis. 334 ; *Pollard r. Lyon*, 91 U. S. 226 : *Weiss v. Whitman*, 28 Mich 366 ; *Butler v. Homes*, 7 Cal. 87 ; *Wilson v. Fitch*, 41 Cal. 386 ; *White v. Nichols*, 3 How. (U. S.) 285 ; *Orr v. Scofield,*. 56 Me. 487.   The meaning of the words " supervising architect " being commonly known, it was not necessary by prefatory allegations to aver their meaning.   *Bowman v. Piper*, 91 U. S. 37 ; Wharton Ev., § 282 ; Bliss' Code Plead., § 187 ; Townsend on Slander and Libel, § 133 ; *Elam v. Badger*, 23 Ill. 498 ; *Edgar v. McCutchen*, 9 Mo. 448.   Refusing plaintiff's instructions one and two was error.   *Wilson v. Fitch*, 41 Cal. 363 ; *Weiss v. Whitman*, 28 Mich. 366 ; *Wilson v.*

*Noonan,* 35 Wis. 321.   The giving of defendants' instruc
tion five was error.   Instructions not predicated upon the
evidence, should not be given.    *O'Fallon v. Boismenn,* 3 Mo.
405 ; *Hayes v. Bell,* 16 Mo. 496 ; *Franz v. Hilterbrand,* 45
Mo. 121.   Pleadings in libel are governed by the same rules
as in other cases, with the one statutory exception, that the
·defendant may allege both the truth of the matter charged
and any mitigating circumstances admissible in evidence,
to reduce the amount of damages.   R. S., p. 606 ; *Atteberry
v. Powell,* 29 Mo. 429 ; *Cable v. McDaniel,* 33 Mo. 363; *Buck-
ley v. Knapp,* 48 Mo. 157 ; *Darrett v. Donelly,* 38 Mo. 492 ;
*Adams v. Trigg,* 37 Mo. 147.   The libel published was not
a privileged communication.   Townsend on L. and S., 243 ;
*Taylor v. Church,* 8 N. Y. 460.

*T. A. & H. M. Post* and *C. F. Moulton* for respondents.

The petition states no facts sufficient to constitute a
cause of action.   The affidavit was not libelous *per se.*   See
Towsh. Lib. and Sl., §§ 183, 190 ; Odgers Lib. and Sl., *65 ;
Cooley Torts, p. 202 ; *Nelson v. Brochemies,* 52 Ill. 236; *Orr
v. Scofield,* 56 Me. 483 ; *Fowles v. Bowen,* 30 N. Y. 20 ; *Gal
way v. Marshall,* 9 Exch. 294 ; *Ayre v. Craven,* 2 Ad. & El.
2 ; *Sibley v. Tomlins,* 4 Tyrw. 90 ; *Angle v. Alexander,* 9
Bing. 123 ; *Brayne v. Cooper,* 5 Mees & W. 249.   There is
nothing in the affidavit from which the deduction may be
legitimately drawn that the taking of commissions by
plaintiff, as architect and superintendent, was calculated to
degrade or injure him in his calling as such.   Since the affi-
davit was not libelous *per se,* plaintiff was bound to show
by extrinsic averments, what he has failed to show, that the
language employed in the affidavit was in fact defamatory
to plaintiff in his calling as an architect.   *McManus v. Jack-
son,* 28 Mo. 58 ; *Bundy v. Hart,* 46 Mo. 164 ; *Stewart v. Wil-
son,* 23 Minn. 449 ; *Kinney v. Nash,* 3 N. Y. 177, 182 ; *Curry
v. Collins,* 37 Mo. 329 ; *Price v. Whitely,* 50 Mo. 440, 441 ;
*Mosely v. Moss,* 6 Gratt. 538 ; *Geisler v. Brown,* 6 Neb. 254 ;

*Stone v. Cooper*, 2 Den. 299 ; *Moore v. Bennett*, 48 Barb. 229. What the defendants meant or were understood to mean, is immaterial, unless the words themselves were of a defamatory character. Townsend on Libel and Slander, § 336, note 2; Starkie on Slander, top pp. 427, 422; *Liebehardt v. Byerly*, 53 Pa. St. 420 ; *Bundy v. Hart*, 46 Mo. 464; *Caldwell v. Raymond*, 2 Abb. Pr. 195 ; *Fry v. Bennet*, 2 Sandf.· 54 ; *Hunt v. Bennet*, 19 N. Y. 173. The court committed no error as to the instructions.

EWING, C.—This is an action for libel by the appellant. Judgment in the St. Louis circuit court for defendants· Appealed to the St. Louis court of appeals where the judgment was affirmed and brought here for review. The judgment of the circuit court was affirmed upon the ground that the petition does not state a cause of action. And it will be therefore necessary to set out the petition in full which is as follows. The plaintiff complains and alleges :

1. That the plaintiff, on the 6th day of August, 1879, was, and for several years prior thereto, had been and still is an architect and superintendent, and as such was, had been, and still is carrying on the business as architect and superintendent in the city of St. Louis, and State of Missouri; and had always, as such architect and superintendent conducted and demeaned himself with honesty and fidelity, and had never been guilty of any misconduct or malpractice in his said capacity and profession of architect and superintendent. That by reason of said capacity and fidelity, the plaintiff in his capacity of architect and superintendent had on the 6th day of August, 1879, acquired a large and lucrative business in his profession aforesaid, and enjoyed the confidence of the best citizens and business men of the city of St. Louis, and, but for the grievances hereafter complained of would still have enjoyed the same.

2. That on or about the 8th day of August, 1879, and on divers other days, thereafter and before the bringing of this suit, the said defendants, in the city of St,

Louis, State of Missouri, published and caused to be published, shown and exhibited to divers persons, the following written words concerning the plaintiff, and of and concerning him in his capacity and profession of architect and superintendent, to-wit:

STATE OF MISSOURI, } ss.
  City of St. Louis.  }

Be it remembered that on this 6th day of August, 1879, personally appeared before me the undersigned a notary public within and for the city and state aforesaid, duly qualified for a term expiring January 8th, 1882, Anthony C. Dunleavy, who being by me duly sworn, on his oath deposes and says that heretofore, to-wit, on the 1st day of June, 1873, he was a member of the firm of John E. Oxley & Co., doing business in the city of St. Louis; that said firm on said date, made a proposition to do the galvanized iron, tin and copper work, on and about a certain public school building in course of erection, at Litchfield, Illinois, of which building one, J. B. Legg, of St. Louis, was supervising architect, and the deponent further says that said J. B. Legg promised John E. Oxley, the other member of said firm of John E. Oxley & Co., to give said firm the contract for said work on the building aforesaid, provided the sum of $200 was paid to him, the said Legg, as commissions by the said firm of John E. Oxley & Co., the said John E. Oxley agreed to pay said amount to said Legg, and informed this deponent of said agreement, and the said sum of $200 was afterwards paid by this deponent to said J. B. Legg according to said agreement, the last payment of $100 being made by this deponent to J. B. Legg on the 9th day of June, 1873, and further this deponent says not.

A. C. DUNLEAVY.

Sworn and subscribed before me this 6th day August, A. D. 1879.

AUGUST AHRENS,<br>Notary Public, City of St. Louis.

[L. s.]

36—80

3. That the defendants meant thereby to impress the public with the belief, that plaintiff was wholly unworthy of confidence and trust, in said capacity and profession of architect and superintendent, and said publication was so understood to imply, by those to whom the same was published and exhibited as aforesaid.

4. The said publication was false and malicious and by means thereof, plaintiff hath been and is greatly injured, prejudiced in his reputation aforesaid, and has, also, lost and been deprived of great gain and profit, which would otherwise have accrued to him in his said profession and business of architect and superintendent, to-wit, $50,000.

Plaintiff says he is damaged in the sum of $50,000, for which and costs, he demands judgment.

The answer is 1st, A general denial; 2nd, Justification; 3rd and 4th, That the publication was privileged. There was judgment for defendant.

I. The first point made by the respondents is that the petition does not state a cause of action. If this be true it is an end of the case and it will not be necessary to look further into it. As far back as 10 Mo. 648, in the case of *Nelson v. Musgrave*, Judge Napton quoted with approval the definition of libel from Judge Parsons in *Commonwealth v. Clapp*, 4 Mass. 168, which is as follows: " A malicious publication expressed either in printing or writing, or by signs or pictures, tending to either blacken the memory of the dead, or the reputation of one who is alive, and expose him to public hatred, contempt or ridicule." This definition was again approved by Bliss, J. in *Price v. Whitely*, 50 Mo. 439. In what manner does the affidavit of Dunleavy, set out in the petition, blacken the reputation of the plaintiff? It in substance alleges that plaintiff was supervising architect of a certain building and defendants paid him a commission to give defendants the contract for certain work thereon. Suppose that was true, how would it show that plaintiff was degraded or brought

into contempt or ridicule? The words to be actionable *per se* "must be such as if true would disqualify him or render him less fit properly to fulfill the duties incident to the special character he has assumed." Towns. Lib. & Sl., § 190—" Words to be actionable on this ground (as disparaging plaintiff in his calling) must touch him in his office, profession or trade." " They must impeach either his skill or knowledge, or his official or professional conduct." Odgers on Lib. & Sl., 65; *Fitzgerald v. Redfield,* 51 Barb. 484. Every false charge is not libelous. It must come within the definition. It must "blacken the memory of the dead or the reputation of one who is alive, and expose him to public hatred, contempt or ridicule." In our opinion the affidavit in this case does neither and is therefore not libelous *per se.*

II. The words set out in the petition not being libelous *per se* and, therefore, not actionable, it becomes necessary by prefatory averments to set out the extrinsic matter which will render them so. *McManus v. Jackson,* 28 Mo. 58. In *Bundy v. Hart,* 46 Mo. 460, Bliss, J. says: "Indeed I have never heard the general principle doubted that where words are charged that are not actionable without a knowledge of some extrinsic fact it is necessary to set forth that fact by way of preliminary averment." If this is not done there is no cause of action shown. These necessary extrinsic facts being averred must be proven. "Innuendoes are used to so connect the words charged with the averments as to make the petition a logical and complete statement of the plaintiff's case." The same doctrine is announced in *Curry v. Collins,* 37 Mo. 324; *Church v. Bridgman,* 6 Mo. 190; *Dyer v. Morris,* 4 Mo. 214. Where the words are not actionable in themselves extrinsic facts and matters must be stated which shall render them so. In *Caldwell v. Raymond,* 2 Abb. Pr. Rep. 193, the libelous words were "Married, Joseph W. Caldwell to Miss Elizabeth Ehle late of New York" meaning a public prostitute by that name; thereby intending to charge that said plaintiff

had been guilty of marrying a prostitute. The court say, "that the publication on its face bore no injurious or defamatory meaning will not be disputed; and it is a well settled rule in pleading in actions of this character that where the words used by the defendant do not of themselves convey the meaning which the plaintiff would attribute to them and such meaning only results from some extrinsic matter or fact; such extrinsic matter or fact must be alleged in the complaint and proved on the trial." This may not be done by innuendo. It should be by preferatory averments. The rule is uniform that such averments must precede the innuendo. 2 Abb. Pr. *supra*. Town, on Lib. & Slander § 336; *Christal v. Craig, ante*, p. 367. The petition in this case has no averment showing the duties of a supervising architect, nor any allegation by which it is made to appear that those duties are in conflict with his taking commissions from a sub-contractor to aid him in obtaining a sub-contract on the building he is supervising. The nature of the alleged charge is not such that the court may presume that plaintiff's reputation is blackened or that he is thereby exposed "to public hatred, contempt or ridicule." "If this is a libel of plaintiff in his business it is so on account of some extrinsic fact," or some special obligation he was under to his employer. If so his petition must allege it. The universal rule of pleading is that if the words are not libelous *per se*, the petition must by preliminary averments show extrinsic facts from which the libel results. 2 Abb. Pr. *supra*; *Pollard v. Lyon*, 91 U. S. 225.

This petition does not contain the necessary averments of extrinsic matter and for these reasons the judgment of the court of appeals is affirmed. All concur.