JOSEPH HERMANN, Respondent, v. THE BRADSTREET COMPANY, Appellant.

Kansas City Court of Appeals, November 9, 1885.

1. LIBEL—WHAT WORDS ARE LIBELOUS, PER SE—CASE ADJUDGED.—There was published, in a newspaper, of and concerning the plaintiff, the following words : "St. Joseph.—Joseph Hermann, brickmaker, is in the hands of the sheriff."   *Held* the words printed are libelous *per se.*

2. —— WHAT CONSTITUTES.—Libel is a malicious publication, expressed either in printing or writing, or by signs or pictures, tending to either blacken the memory of the dead, or the reputation of one who is alive, and expose him to public hatred, contempt, or ridicule.

3. —— WHAT DAMAGES RECOVERABLE.—Where the words are actionable *per se,* the damages flowing therefrom are *general* damages, such as the natural or probable consequence of the publication of the words, and need not be directly proved, being an inference of the law.   And on proof of the libel alone, the jury would not be restricted to nominal damages ; but other evidence of *general* damage may be given.   But in order to recover *special* damages, the special damage relied on must be stated on the record with the same particularity as is required where the words are actionable only by reason of such special damage.

4. —— NEGLIGENCE IN CORRECTING WRONG.—In case of a libelous publication, if the correction does not closely follow the discovery of the falsity of the charge, the jury are at liberty to infer wilful negligence and careless indifference as to the wrong which has been perpetrated.

5. PLEADING—WAIVER OF THE CHARACTER IN WHICH THE PARTY IS SUED—EXCEPTIONS.—A partnership sued as a corporation, and denying its incorporation, but setting up a defence on the merits as the answer of *"defendant,"* and proceeding through the trial to judgment, without objection from plaintiff, and filing bill of exceptions, plaintiff cannot ask this court to disregard the bill of exceptions.

APPEAL from Buchanan Circuit Court, HON. JOSEPH P. GRUBB, Judge.

*Reversed and remanded.*

The facts are stated in the opinion.

James W. Boyd, for the appellant.

I. The petition states no cause of action. The matter alleged is not libelous. Townshend on Libel (3 Ed.) sect. 176; 2 Greenl. on Evidence (14 Ed.) 409, note *a*.

II. The court erred in admitting illegal evidence on part of plaintiff, as to conversations with third persons and the contents of letters from a third person. All this was simply hearsay. The *fact*, and not the conversation with plaintiff, is the matter to be proved. Townshend on Slander and Libel (3 Ed.) 321, note 4.

III. The court erred in permitting plaintiff to show *special* damages. The petition does not allege special damages, nor does it state any facts, whatever, as to special damages. Such damages are required to be stated in the declaration for notice to defendant, and to prevent surprise at the trial. 1 Sutherland on Damages, 763; Townshend on Slander and Libel (3 Ed.) sect. 345.

IV. The instructions given for plaintiff are erroneous, assuming admission by the pleadings, which do not so appear, and as to the measure of damages. If defendant was actuated by no malicious motives, and his act was not attended by circumstances of oppression or insult, compensatory damages only are recoverable. *Joice v. Branson*, 80 Mo. 28; Cooley on Torts, 209, 692; *Detroit Post Co. v. McArthur*, 16 Mich. 447.

V. The petition does not allege that plaintiff was a brick-maker, or that he was engaged in any business at all. Hence no evidence tending to show a loss in his *business* was admissible, under the pleadings, in this case.

Ramey & Brown, and Vinton Pike, for the respondent.

I. Defendant could not be in court for one purpose and out of it for another. Certain individuals were permitted to file an answer, saying they were using the corporate name of defendant as their partnership name.

Their exceptions cannot be taken advantage of here by defendant. *Tower v. Moore*, 52 Mo. 120 ; *Brown v. Mc-Mullen*, 78 Mo. 276.

II. The petition stated a cause of action and the evidence objected to was properly admitted. All the alleged defects in .the petition are aided by the answer. *Ingram v. Lawson*, 6 Bing. (N. C.) 212 ; *Brooks v. Harrison*, 90 N. Y. 90.

III. There was evidence of a grossly negligent publication. The publishers also neglected for an unreasonable time to make the correction, and imposed a condition upon which it would be made. In such case *exemplary* damages are allowed. *Buckley v. Knapp*, 48 Mo. 162 ; *Pennington v. Meeks*, 46 Mo. 220.

IV. Defendant's instructions were properly refused, not presenting the full issues. *Johnson v. R. R.*, 77 Mo. 553 ; *Ingram v. Lawson*, *supra*.

ELLISON, J.—This is an action of libel, the petition being as follows :

"Plaintiff complains of defendant and for cause of action says: Defendant is a corporation organized and incorporated under the laws of the state of New York, and is the owner and publisher of a newspaper called *Bradstreet's*, a journal of trade, finance, and public economy, which newspaper said defendant printed in the city of New York, in the state of New York, and caused to be circulated and published in the city of St. Joseph, in this county, where plaintiff resides and carries on his trade and business, and also in the region of country surrounding St. Joseph, whose trade and commerce is tributary to said city of St. Joseph. That on the fifth day of August, A. D., 1882, there was published in said newspaper of and concerning plaintiff, the following false, defamatory and malicious libel, to-wit:

"ST. JOSEPH.—Joseph Hermann, brick-maker, is in the hands of the sheriff," whereby the plaintiff has been damaged in the sum of ten thousand dollars, for which he asks judgment."

The trial resulted in a verdict for plaintiff for six hundred dollars, and defendant appeals.

Defendant asks for a reversal for the reason, among others : 1. That the words charged are not libelous *per se*. 2. That plaintiff was permitted to testify against defendant's objection as to what business he was engaged. 3. As to trouble he had with his partner, concerning the loss of the sale of three or four hundred thousand brick " to a man in Leavenworth." 4. Concerning the loss of one sale in Iowa.

Though not arriving at the conclusion without some hesitation, we are of opinion the words printed are libelous *per se*. The presumption that words are defamatory arises much more easily in cases of libel than in cases of slander. Many words which, if printed and published, would be presumed to have injured the plaintiff's reputation, will not be actionable *per se*, if merely spoken. The following are reasons given by Odgers on Libel and Slander, p. 3, for the distinction : " *Vox emissa volat ; litera scripta manet.* The written or printed matter is permanent, and no one can tell into whose hands it may come. Every one can now read. The circulation of a newspaper is enormous, especially if it be known to contain libelous matter. And even a private letter may turn up in after years, and reach persons for whom it was never intended, and so do incalculable mischief. Whereas, a slander only reaches the immediate bystanders, who can observe the manner and note the tone of the speaker, who have heard the antecedent conversation, which may greatly qualify the assertion, who probably are acquainted with the speaker, and know what value is to be attached to any charge made by him ; the mischief is thus much less in extent, and the publicity less durable. A slander may be uttered in the heat of a moment, and under a sudden provocation ; the reduction into writing and the publication of a libel show greater deliberation and malice."

A definition of libel, as quoted by Judge Napton, in *Nelson v. Musgrave* (10 Mo. 648), is : " A malicious pub-

lication expressed either in printing or writing, or by
signs or pictures, tending to either blacken the memory
of the dead, or the reputation of one who is alive, and
expose him to public hatred, contempt, or ridicule."
This definition has been cited with approval in *Price v.
Whiteley* (50 Mo. 439), and *Legg v. Dunleavy* (80 Mo.
563). Judge Napton also defined it to be any malicious
printed slander, which tends to expose a man to ridicule,
contempt, hatred, or degradation, is libel. "A libel is a
censorious, or ridiculous writing, picture, or sign, made
with a mischievous and malicious intent toward govern-
ment, magistrate or individual." *Price v. Whiteley*,
*supra*, quoting from Alexander Hamilton. Judge
Ryland, in *Keemle et al. v. Sass*, quotes with approval:
"Any printed publication that tends to bring a man into
disrepute, ridicule, or contempt, is a libel in a legal
sense." There are many other definitions equally as
well put, but amounting substantially to the same. I
think the words charged here come within these defini-
tions. The words charged are.: "Joseph Hermann,
brick-maker, is in the hands of the sheriff." These
words imply, without more, that plaintiff was engaged
in the trade or business of brick-making. Townshend on
Slander and Libel, ch. 315. Words written or spoken of
one's trade are actionable, when they might not be so, if
spoken of the individual simply. *Ib.* secs. 132, 179.

"The law has always been very tender of the repu-
tation of tradesmen, and, therefore, words spoken of
them in the way of their trade will bear an action that
would not be actionable in the case of another person;
and if bare words are so, it will be stronger in the case
of a public newspaper, which is so diffusive." *Harman
v. Delany*, 2 Str. 898. I think, therefore, there was no
error in the court overruling defendant's first and second
objections. The third, fourth, fifth and sixth objections
relate to the allowance of proof of special damages
under the petition. Plaintiff was permitted to show
that, in consequence of the publication, he had trouble
with his partner. That he lost the sale of three or four

hundred thousand brick "to a man in Leavenworth," and concerning the loss of one sale in Iowa. As the petition alleges no special damage, this was error. Defendant's objections should have been sustained. Where the words are actionable *per se*, the damages flowing therefrom are general damages, being such as the law will presume to be the natural or probable consequence of the publication of the words. They need not be directly proved, being an inference of the law. Even though no evidence be offered, further than proof of the libel, it by no means follows that the jury would be restricted to nominal damages. It does not follow, however, that a plaintiff may not give evidence of general damage under a petition charging words actionable *per se*. A *general* loss of business by a trader, in consequence of defamation, is general damage. So Erskine, J., in *Ingram v. Lawson* (6 Bingham N. C. 212), says with respect to damages: "In order to enable the jury to form some judgment as to the effect the libel was calculated to produce, I think it was reasonable to let them know the nature of the plaintiff's business, and the amount realized by him in his various voyages." And Maule, J., in same case, in reference to same subject, says: "But that evidence (profits of plaintiff's voyages), was admitted only that the jury might know what sort of business the plaintiff carried on; for the same amount of damages ought not to be given in respect of a libel on a plaintiff in the way of his business and where his trade is small, as where his trade is large. In the latter case, the libel is likely to be injurious to a greater extent than in the former."

The general nature and the general extent of plaintiff's business is proper proof to enable the jury the better to assess the general damages, "but no particular instance can be gone into, unless the customers' names be given in the statement of the claim, or in the particulars, for this is special damage, and must, therefore, be laid specially." Odgers on Libel and Slander, 293. And so the same author, at page 318, says: "Where the

special damage is not essential to the action (as in the case at bar), it may still, of course, be proved at the trial, to aggravate the damages. But to entitle such evidence to be given, the special damage relied on must be stated on the record with the same particularity as is required where the words are actionable only by reason of such special damage. The defendant is entitled to know beforehand what case he has to meet. Thus, in an action by a trader for words spoken of him in the way of his trade, evidence of a general loss of business is always admissible, for this is not special damage. But the plaintiff cannot be asked whether particular persons have not ceased to deal with him, unless the loss of their special custom is set out in the pleadings as special damages." "Loss of customers is so manifestly special damage that it is unnecessary to state the cases in detail. In such actions, where loss of trade or customers is relied upon as special damage, if the plaintiff intends to show particular instances, he must allege them." 3 Sutherland on Damages, 666, 667.

There was evidence in the cause tending to show that the correction pleaded by defendant was not made as soon as it should have been—evidence from which the jury were at liberty to infer, at least, wilful negligence and careless indifference as to the wrong it had perpetrated. The correction should have closely followed the discovery of the falsity of the charge. An offer to make the correction was compiled with conditions with which plaintiff was under no obligation to comply. Under such circumstances, instructions authorizing exemplary damages were proper.

Defendant is sued as a corporation, but the answer in the case stated that the Bradstreet company was not a corporation, but a partnership composed of several individuals. For this reason we are asked by plaintiff to disregard the bill of exceptions. The answer, however, proceeded to set up a defence to the cause, and the record treats it as the answer of the "defendant." The trial was had regularly, without objection from plaintiff,

as to this statement in the answer, and the judgment is finally rendered against the defendant. The record shows the bill of exceptions to have been filed by "the defendant," and treats the defence throughout as by the defendant. Under such circumstances, we see no reason justifying us in disregarding the bill of exceptions.

The judgment is reversed and the cause remanded. All concur.