MARTIN FERGUSON, Respondent, v. THE EVENING
CHRONICLE PUBLISHING COMPANY, Appellant.

St. Louis Court of Appeals, December 7, 1897.

1. **Libel**: DEFAMATORY PUBLICATION: PLEADING. A publication in a
newspaper characterizing plaintiff as one of "a quartet of gamblers"
and charging him with engaging in a game of "craps," in which he
and others were "shooting $200 a throw," was libelous. It is not
necessary to the libelous character of a petition calling one a gambler,
that it should affirmatively state that he was engaged in one of the
particular games mentioned in the statutes relating to gambling; it is
sufficient, to give him that character, that the offense is charged in
general terms.

2. ———: DAMAGES: VERDICT. An award of punitive damages contem-
poraneously with an award of nominal actual damages can not be set
aside on that ground, under the settled law of this state governing
the extent of recoveries in actions of libel.

3. **Evidence**: NONPREJUDICIAL ERROR. The admission of testimony
elicited by the leading form of the questions asked, some of the an-
swers to which were mere hearsay, was without prejudice to defend-
ant, where the matter related only to the subject of actual damages,
and the jury allowed only nominal actual damages.

*Appeal from the St. Louis City Circuit Court.*—HON.
SELDEN P. SPENCER, Judge.

AFFIRMED.

*Chester H. Krum* for appellant.

The petition does not state facts sufficient to con-
stitute a cause of action. R. S. 1889, sec. 3869; *Calla-
han v. Ingram*, 122 Mo. 365.

The jury having awarded the respondent nominal
damages, by way of compensation, their finding of ex-
emplary damages can not be sustained. 1 Suth. Dam.,

sec. 406; *Girard v. Moore*, 86 Tex. 675; *Stacy v. Publishing Co.*, 68 Me. 279; *Jones v. Mathews*, 75 Tex. 1; *Kuhn v. R'y*, 74 Iowa, 137.

To justify exemplary damages, the act complained of must not only have been unlawful, but it must have been coupled with an intentional wrong. *State v. Jungling*, 116 Mo. 162; *Witascheck v. Glass*, 46 Mo. App. 209.

*George L. Edwards* for respondent.

A publication is libelous and actionable *per se* when it is false and tends to expose the plaintiff to public hatred, contempt and ridicule, or to blacken his reputation. *Manget v. O'Neil*, 51 Mo. App. 35; R. S. 1889, sec. 3869.

It is the province of the jury to determine whether the alleged libel was in fact libelous. In this case they have determined that the publication complained of was libelous. Const. Mo., art. 2, sec. 14; *State v. Armstrong*, 106 Mo. 395; *Arnold v. Jewett*, 125 *Id.* 252.

Words are actionable *per se* which convey an imputation upon one in the way of his profession or occupation, and in such cases no averment of special damages is necessary. *Morasse v. Brochu*, 151 Mass. 575; *Academy v. Gaiser*, 125 Mo. 525.

Mere proof of falsity warrants the award of exemplary damages, which are awarded in the discretion of the jury, and without proof of express malice. *Callahan v. Ingram*, 122 Mo. 355; *Nicholson v. Rodgers*, 129 *Id.* 136; *Academy v. Gaiser, supra.* See, also, *Herman v. Bradstreet*, 19 Mo. App. 232.

There is no evidence in the record of a retraction, and no such evidence would be competent under the pleadings. R. S. 1889, sec. 2081; *Baldwin v. Fries*, 46 Mo. App. 288.

BOND, J.—The following article was publishsd in the newspaper of defendant on March 1, 1897:

"Heavy Shooting

"Indulged in by a Quartet of Gamblers.

"Martin Ferguson conducts a hotel at Ninth and Chestnut. His place was visited Sunday night by detectives Kelly, Killian and Williams, who without ceremony burst in a door and brought forth Ferguson, Fred Herget, known as Sawdust Johnny, Joe Smith and B. H. Smith. They had a swell game of craps in there, the officers said. It is claimed the men were 'shooting' $200 a throw."

On the fifth of March, 1897, plaintiff being one of the persons named in said article, brought an action of libel therefor in two counts, one for actual damages, and the other claiming punitive damages. The answer was a general denial. On the trial the jury awarded one cent under the first count of the petition, and $300 under the second count. From a judgment on this verdict defendant appealed.

The first error assigned is that the article is not libelous. This view can not be sustained under the decisions of this state. The plain meaning of the language in the article is to impute to plaintiff the offense of gambling. He is termed one of "a quartet of gamblers," and he is charged with engaging in a game called "craps," wherein he and three others were "shooting $200 a throw." That the article in question does not define the methods or rules of the game, in nowise detracts from its characterization of the persons engaged in the play as "a quartet of gamblers shooting $200 a throw." It is not necessary to the libelous character of a petition calling one a gambler that it should affirmatively state that he was engaged in one of the

LIBEL: defamatory publication: pleading.

particular games mentioned in the statutes relating to gambling. It is sufficient to give it that character that the offense is charged in general terms. Besides, in the present case the publication sets forth the essential feature of all gambling, in that it charges the plaintiff and others with playing a game depending on the chance of a throw and wagering money on each throw. It is clear, therefore, that the publication under consideration imputes an offense under the laws of this state. It would, however, be libelous, though failing to charge any offense, if it was of such a character as to expose the plaintiff to contempt, hatred, scorn, or ridicule. *Nelson v. Musgrave*, 10 Mo. 648; *Kemble v. Sass*, 12 Mo. 499; *Price v. Whitley*, 50 Mo. 439; *Legg v. Dunleavy*, 80 Mo. 563; *Buckley v. Knapp*, 48 Mo. 161; *Manget v. O'Neil*, 51 Mo. App. 35; *Mitchell v. Bradstreet Company*, 116 Mo. *loc. cit.* 241.

Every libel is actionable *per se*. Odgers on Libel and Slander, pp. 1 and 2. "From a libelous publication malice is implied." *St. James Military Academy v. Gaiser*, 125 Mo. *loc. cit.* 527.

LIBEL: damages: verdict.

"When malice exists, punitive damages may be given, and it can not be seen why a distinction should be made when the evil intent existed, whether implied or proved." *Callahan v. Ingram*, 122 Mo. 370, 371; *Nicholson v. Rogers*, 129 Mo. 136. According to these principles of law, when the falsity of the publication in question was shown, the plaintiff was entitled to recover, *first*, actual or general damages; *second*, such punitive damages as the jury might award. Having a clear legal right to this double redress, how can it be logically said that because the jury only gave him one, he must be deprived of that? Had the jury given him a substantial amount as actual damages, and also awarded punitive damages, the

validity of their verdict would be beyond question under the facts in this record showing the publication was totally false, and under the law permitting a separate recovery for actual and punitive damages in cases of libel. This being so, with what reason can the defendant complain that the jury found against him for damages of the one kind when they had the undoubted right to find against him for both kinds? Appellant's theory that punitive damages are conditioned upon a further finding of some substantial sum as actual damages, is occasioned by a misapprehension of the essence and object of vindictive damages. These are recoverable in *certain* civil actions, not to compensate the plaintiff, but solely to punish the defendant. This legal motive would suffer defeat if punitive damages can not be given for a malicious attack upon a reputation too well established to receive substantial injury at the hands of a libeler. Moreover, wherever there is an infracted legal right entitling a party to recover both kinds of damages, there can be no reason depriving a jury of the power to inflict punitive damages, because the compensatory damages were found by them to be only nominal. A verdict for nominal damages of itself establishes the full actionable right of plaintiff, and as that right implies in law permission to the jury to give punitive, as well as actual damages, and as the two kinds of damages are in nowise dependent on each other in respect to the amount to be awarded, it is a mere logical sequence that a verdict for nominal damages establishes the right of the plaintiff to a verdict upon the issue as to punitive damages. * * * This double liability and the corresponding dual right of recovery springing from one cause of action is recognized by the statutes of this state, which require the petition "in all actions where exemplary or punitive damages are recoverable" to "state sep-

arately the amount of such damages sought to be recovered," and providing further for separate finding as to the two sorts of damages in the verdict of the jury. Acts 1895, p. 168. We must conclude that an award of punitive damages contemporaneously with an award of nominal actual damages can not be vacated on that ground under the settled law of this state governing the extent of recoveries in actions of libel. The supreme court of Maine in *Stancey v. Pub. Co.*, 68 Me. 279, expresses a different view, but it will be noted in the case cited that the court seemed to connect the right to punitive damages with proof of "*actual or express malice.*" The court held that the idea expressed by these words was negatived by a verdict for nominal damages, and concluded that nothing was left upon which to rest a claim for punitive damages. Under our decisions, as has been shown, no actual or express malice in the sense evidently given those words by the Maine court is necessary to warrant such damages. According to the doctrine of our courts, the malice implied by law from the falsity of the defamatory publication is sufficient to warrant damages of both kinds. This distinction explains much of the reasoning of the Maine court, and removes a part of its basis. In so far as that court rests its decision upon other grounds, it is enough to say its conclusion is opposed to the argument of this opinion, and that our conviction on this subject is shared by many courts in other jurisdictions. *R. R. v. Sellers*, 93 Ala. 9; *Wilson v. Vaughn*, 23 Fed. Rep. 229; *Hefley v. Baker*, 19 Kan. 9; 1 Sedgwick, sec. 361.

Appellant also complains of the admission of certain testimony referring to the effect of the publication on the reputation and business of plaintiff. EVIDENCE: non-prejudicial error. tiff. The leading form of these questions is objectionable, and some of the answers

were mere hearsay. But the matter itself was clearly nonprejudicial, for it could only relate to the subject of actual damages, and as the jury only allowed one cent on that score, it is evident that their verdict was not influenced by this misreception. The result is, the judgment in this case will be affirmed. All concur.